# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Seward,  :
                :
          Petitioner  :
                :
     v.         : No. 199 C.D. 2016
                : Submitted: February 10, 2017
Pennsylvania Board of  :
Probation and Parole,  :
                :
          Respondent  :

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
         HONORABLE PATRICIA A. McCULLOUGH, Judge
         HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  March 17, 2017**

Before this Court is the petition of Marvin Seward (Mr. Seward) for review of the January 15, 2016 order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal of the October 7, 2015 Board order recommitting him for 18 months of backtime and recalculating his maximum sentence date to January 5, 2018. Also before this Court is the second application of Seth E. Grant, Esq., Assistant Public Defender of Montgomery County (Counsel), for leave to withdraw as attorney for Mr. Seward. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board.

On May 6, 2016, Counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and on May 17, 2016 Counsel filed a petition

for leave to withdraw as appointed counsel for Mr. Seward.[1] In instances where appointed counsel files an *Anders* brief when a no-merit letter would have been sufficient, this Court will accept an *Anders* brief in place of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 (Pa. Cmwlth. 2010).

Upon review of Counsel's first petition and accompanying brief, it was clear to this Court that Counsel had satisfied the procedural requirements necessary to withdraw as appointed counsel: (i) Counsel notified Mr. Seward of his request to withdraw as appointed counsel; (ii) Counsel furnished Mr. Seward with a copy of Counsel's petition to withdraw and the *Anders* brief filed in support of Counsel's petition to withdrawal; and (iii) Counsel advised Mr. Seward of his right to retain new counsel, to proceed *pro se* and to raise any additional issues that Mr.

---

[1] Where a parolee's right to counsel is constitutional rather than statutory, appointed counsel must file an *Anders* brief in support of a petition to withdraw. A constitutional right to counsel arises in appeals from determinations revoking parole and exists where a parolee has a colorable claim "(i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (*en banc*). Where a parolee's right to counsel is not guaranteed by the constitution but instead granted by statute, a no-merit letter is sufficient and counsel need not submit an *Anders* brief. *See* Section 6(a)(10) of the Act commonly known as the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10); *Commonwealth v. Santiago*, 978 A.2d 349, 351 n.2 (Pa. 2009); *Hughes*, 977 A.2d at 24-25. In the instant matter, Mr. Seward has a statutory rather than constitutional right to counsel and, therefore, Counsel was not required to file an *Anders* brief.

Seward determines are worthy of review by this Court.[2]  *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013).

However, upon review of Counsel's *Anders* brief filed with his first petition to withdraw, it was also clear to this Court that Counsel had failed to satisfy the substantive requirements for withdrawal.  A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the parolee wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is without merit.  *Commonwealth v. Turner*, 544 A.2d 927, 928-929 (Pa. 1988); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  Therefore, we denied Counsel's petition to withdraw without prejudice and granted Counsel thirty days to either file an amended petition for leave to withdraw, along with a no-merit letter or *Anders* brief adequately addressing each of the issues raised in Mr. Seward's Petition for Review, or to submit a brief on the merits.  On November 15, 2016, Counsel filed an amended *Anders* brief and on January 30, 2017 Counsel filed a second application to withdraw.

In addition to again satisfying the procedural requirements to withdraw, Counsel has now adequately satisfied the substantive requirements of a no-merit letter in his amended *Anders* brief.  First, Counsel's discussion of the factual and procedural history of the case demonstrates the nature and extent of Counsel's review of the case.  Second, Counsel has addressed each issue raised in Mr. Seward's petition to this Court for review.  Finally, Counsel has offered a sufficient explanation as to why Counsel believes that the issues upon which Mr. Seward seeks judicial review are without merit.  Accordingly, we grant Counsel's

---

[2] Following notification of Counsel's petition to withdraw, Mr. Seward filed a *pro se* brief with this Court on June 21, 2016.

3

petition to withdraw and independently review Mr. Seward's claims to determine if his appeal from the Board's order is without merit.[3]  Mr. Seward filed an uncounseled brief with this Court on June 21, 2016.

Mr. Seward has raised two issues for review: (i) whether the Board erred in recalculating his maximum date as January 5, 2018 because it failed to credit him for a six-month period between September 19, 2014 through March 19, 2015 when he was recommitted as a technical parole violator; and (ii) whether the Board erred in failing to credit his time spent at liberty on parole towards his original sentence.

Mr. Seward's original minimum date was March 24, 2013 and his maximum date was September 24, 2015 based upon a two year, six month to five year sentence.  (Certified Record (C.R.) at 1.)  Mr. Seward was paroled on March 24, 2013 and declared delinquent on July 16, 2013 for failure to report to his parole officer.  (C.R. at 4, 8, 11, 18.)  On September 18, 2014, Mr. Seward was arrested on new criminal charges.  (C.R. at 19-20.)  On September 20, 2014, monetary bail was set for Mr. Seward for his new criminal charges, which he did not post.  (C.R. at 33.)  On November 14, 2014, the Board mailed a decision recommitting Mr. Seward as a technical parole violator to serve six months of backtime, recalculating his maximum date as November 7, 2016, and reparoling him automatically on March 19, 2015 pending resolution of his outstanding criminal charges.  (C.R. at 46-48.)  By decision mailed on January 22, 2015, the Board modified its earlier

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. § 704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).  An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

order to correct a technician error and reflect the correct maximum date for Mr. Seward as November 27, 2016. (C.R. at 49.) On May 15, 2015, following notification of Mr. Seward's guilty plea, the monetary bail that had been set for Mr. Seward was revoked. (C.R. at 33, 43.) On July 9, 2015, Mr. Seward pled guilty to new criminal charges and was sentenced to one to three years confinement. (C.R. at 50-51.) Following sentencing, the Board recommitted Mr. Seward as a convicted parole violator to serve eighteen months backtime concurrently with the six months for which he had been recommitted as a technical parole violator; the Board also recalculated Mr. Seward's maximum date as January 5, 2018. (C.R. at 68-71.) In recalculating Mr. Seward's maximum date, the Board gave him credit for one day, September 19, 2014 through September 20, 2014, and determined that the remaining backtime he owed on his original sentence was nine hundred eleven days or two years, five months and twenty-seven days. (C.R. at 70.) The Board also noted that Mr. Seward had been returned to its custody on July 9, 2015. (*Id.*)

Mr. Seward argues that the Board erred because it did not address his claim that he was in custody from September 19, 2014 to March 19, 2015 and that this time was not credited toward any other offense. In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), our Supreme Court made clear that a defendant held in custody because of a detainer lodged by the Board who has otherwise met the requirements for bail on new criminal charges shall have the time spent in custody credited to the defendant's original sentence; however, where a defendant is in custody prior to trial but has failed to satisfy the requirements for bail on the new criminal charges, then the time spent in custody shall be applied to his new sentence. *Id*. at 571. Although Mr. Seward contends

5

that *Gaito* requires that he have his maximum sentence date lessened by the time he spent in custody while he was awaiting disposition of his new criminal charges after bail had been set, his argument is without merit. Mr. Seward did not post bail. The period of custody from September 19, 2014 to March 19, 2015 is therefore credited against his new sentence rather than his original sentence. Only when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence will credit be applied to the offender's original sentence. *Ambruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 355 (Pa. Cmwlth. 2007) (*citing Melhorn v. Pennsylvania Board of Probation and Parole*, 908 A.2d 266 (Pa. 2006)). Such is not the case here.

Next, Mr. Seward contends that the Board erred by denying him credit for time spent at liberty on parole rather than exercising its discretion to grant him credit under Section 6138(a)(2.1) of the Prisons and Parole Code. Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to award credit towards a convicted parole violator's maximum term expiration date for time spent at liberty on parole, except where the parolee falls within one of three disqualifying categories of convicted parole violators. 61 Pa. C.S. § 6138(a)(1)-(2.1). Under the prior version of Section 6138, recommitment without credit for time at liberty on parole was mandatory; this regime was altered on September 4, 2012, when the Act of July 5, 2012, P.L. 1050, No. 122, went into effect, adding language to Paragraph 2 and adding Paragraph 2.1 to Section 6138(a) of the Prisons and Parole Code. Section 6138(a) of the Prisons and Parole Code now provides, in relevant part:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of

6

parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

*(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:*

> *(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).*
>
> *(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).*

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added).  The disqualifying categories in Paragraph 2.1 that continue to require denial of credit do not apply to Mr. Seward's new convictions.  (C.R. at 50-51.)

7

In *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*), this Court held that by the Board checking the "No" box on the credit for time spent at liberty on parole line on the Board's hearing report "the Board fully exercised the discretion that the legislature afforded to it under section 6138 of the [Probation and] Parole Code." 131 A.3d at 611. On May 23, 2016, the Pennsylvania Supreme Court granted allowance of appeal in *Pittman* to address the following question: "Did the Parole Board abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, 137 A.3d 572 (Pa. 2016). At first blush, Mr. Seward's argument is properly stated as one that *Pittman* should be overruled and his argument would more appropriately be directed to the Pennsylvania Supreme Court by petition for allowance of appeal. However, unlike the petitioner in *Pittman*, the hearing report in Mr. Seward's recommitment goes beyond a simple checking of the "No" box and states that the Board denied him credit for time spent at liberty on parole because Mr. Seward was a violent offender who had absconded while on parole and, as the Board stated in its decision, because Mr. Seward was not amenable to parole supervision and considered a threat to the community at the time of the Board's decision. (C.R. at 63, 67, 68.) Mr. Seward interprets Paragraph 2.1 as mandating that a convicted parole violator who is not otherwise disqualified be given credit for time spent at liberty on parole. Mr. Seward's reading of the statute is incorrect; Paragraph 2.1 places the decision to deny credit within the Board's discretion, where previously credit had been denied by statutory mandate. The Board exercised that discretion by denying Mr. Seward credit and his argument

8

that the Board's decision amounted to an abuse of discretion is without merit. *Baldelli v. Pennsylvania Board of Probation and Parole*, 76 A.3d 92, 96 (Pa. Cmwlth. 2013).

Accordingly, Counsel's petition to withdraw is granted and the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Seward, : 
: 
          Petitioner : 
: 
          v. : No. 199 C.D. 2016
: 
Pennsylvania Board of : 
Probation and Parole, : 
: 
          Respondent : 

## ORDER

AND NOW, this 17th day of March, 2017, the application of Seth E. Grant, Esq., Assistant Public Defender of Montgomery County, for leave to withdraw as attorney for Marvin Seward is GRANTED and the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**