**Keith REAVIS, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 18, 2006.
Decided Oct. 11, 2006.

Donald T. Gibboney, Clearfield, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

Keith Reavis (Inmate) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) recommitting him to serve 24 months' backtime as a technical and convicted parole violator. Donald T. Gibboney, Esquire (Counsel), Inmate's appointed counsel, petitions for leave to withdraw. Because the issues raised in Inmate's Petition for Review are wholly frivolous, we affirm the Board's order and grant Counsel's petition.

In 1983, Inmate received a prison sentence of 2 to 8 years (original sentence). During the next seven years, the Board paroled and recommitted Inmate several times, resulting in a maximum expiration date of August 25, 1993. Certified Record (C.R.) at 4–8.

In 2001, Inmate received a one to three year sentence for robbery (second sentence). After completion of his minimum sentence, the Board paroled Inmate to a drug and alcohol treatment center. *Id.* at 19.

In 2003, Inmate pled guilty to indecent assault and corruption of a minor which occurred in 1990 while Inmate was on parole from the original sentence. As a result, Inmate received a split sentence of confinement (time served to 23 months) plus five years probation on March 5, 2004 (third sentence). *Id.* at 28.

Upon receiving verification of Inmate's third sentence on November 23, 2004, the Board detained Inmate and scheduled a

parole revocation hearing for March 15, 2005. *Id.* at 30. The Board provided Inmate six days' notice of the hearing. Of particular note, the revocation hearing notice referenced an incorrect institution number, but listed Inmate's correct parole number. *Id.* at 31.

At the revocation hearing, Inmate waived his right to counsel and testified he received sufficient notice to prepare a defense. *Id.* at 40, 42. The hearing examiner entered Inmate's third sentence into evidence, and Inmate acknowledged the conviction. *Id.* at 49. Inmate did not raise any objections.

As a result, the Board recommitted Inmate as a technical and convicted parole violator to serve 24 months' backtime.[1] *Id.* at 58. Also, the Board recalculated Inmate's maximum sentence date as November 8, 2007. *Id.* at 60.

Subsequently, Inmate filed for administrative relief asserting the Board erred where it: 1) recommitted Inmate after expiration of the maximum date of his original sentence; 2) failed to recognize Inmate's availability to begin serving backtime as of November 24, 2004; 3) failed to hold a timely detention hearing; 4) failed to provide proper notice of the revocation hearing; 5) failed to provide timely notice of the revocation hearing; 6) failed to provide a timely revocation hearing; 7) charged Inmate as a parole violator upon facts occurring prior to his placement on parole; and 8) failed to provide Inmate with a maximum date of release. C.R. at 64–65. The Board denied Inmate relief, concluding he waived all is-

sues. *Id.* at 69–70. Alternatively, the Board found Inmate's objections without merit. *Id.*

Inmate filed a Petition for Review, where he raised similar issues.[2] *Id.* at 64. In July 2005, this Court appointed Counsel to represent Inmate.

Upon review of Inmate's Petition for Review, Counsel filed a Petition for Withdrawal of Appearance based on his determination Inmate's appeal lacked any basis in law or fact. In accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), Counsel filed a no-merit letter. In response, Inmate filed a brief in support of his appeal. In addition to the issues raised in his petition, Inmate asserted for the first time in his brief that the Board erred by failing to credit his sentence with 11 months served in a drug and alcohol treatment facility.

This Court reviewed Counsel's no-merit letter. We held the letter did not comply with *Turner* because it failed to address Inmate's allegation the Board provided him an improper revocation hearing notice by referencing an incorrect institution number. *Reavis v. Pa. Bd. of Prob. & Parole*, (Pa.Cmwlth., No. 1531 C.D.2005, filed June 30, 2006) (*Reavis I*). Accordingly, we denied Counsel's Petition to Withdraw without prejudice. We further declined to undertake an independent examination of Inmate's appeal until Counsel's no-merit letter compiled with *Turner*. *Reavis I*.

Thereafter, Counsel filed the current Petition to Withdraw and filed a second

---

1.  Inmate's technical violations included moving from an approved residence without permission, failure to report an arrest within 72 hours, and drug use. C.R. at 17.

2.  In his Petition for Review, Inmate no longer contends the Board erred by failing to recognize his availability to begin serving backtime

as of November 24, 2004 and failing to provide him a maximum date of release. C.R. at 64. Accordingly, these issues are waived. *See Joyce v. Pa. Bd. of Prob. & Parole*, 811 A.2d 73 (Pa.Cmwlth.2002) (this Court declines to address issues not raised in a petition for review).

no-merit letter, which incorporated the first letter by reference. Additionally, it addressed Inmate's contention the revocation hearing notice failed to provide a correct institution number.

As in *Reavis I*, before evaluating the merits of Inmate's appeal, we must decide whether Counsel satisfied the requirements necessary to withdraw. We conclude Counsel satisfied the requirements of *Turner*.[3]

■ Initially, we note an indigent parolee is entitled to appointed counsel on appeal, but this right does not require appointed counsel to prosecute a frivolous appeal. *Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858 (Pa.Cmwlth.1999). Therefore, when in the exercise of his professional judgment, counsel determines the issues raised are wholly frivolous, and when this Court concurs, counsel will be permitted to withdraw. *Id.* A wholly frivolous appeal is one completely devoid of points that might arguably support an appeal. *Congo v. Pa. Bd. of Prob. & Parole*, 104 Pa.Cmwlth. 511, 522 A.2d 676 (1987).

■ To withdraw, counsel must satisfy the procedural requirements in *Craig v. Pennsylvania Board of Probation & Parole*, 93 Pa.Cmwlth. 586, 502 A.2d 758 (1985). Under *Craig*, counsel must notify the parolee of his request to withdraw, furnish the parolee with either a copy of a brief complying with *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), or a no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf.

■ If counsel proceeds under *Turner*, the letter must substantively contain: 1) the nature and extent of counsel's review; 2) the issues the parolee wishes to raise; and, 3) counsel's analysis in concluding the parolee's appeal is frivolous. *Id.; see Funk v. Pa. Bd. of Prob. & Parole*, 795 A.2d 489 (Pa.Cmwlth.2002). We require counsel to comply with these requirements to ensure an offender's claims are considered and counsel has substantial reasons for concluding the claims are frivolous.

■ Here, Counsel notified Inmate of his request to withdraw, advised Inmate of his right to obtain substitute counsel, and informed Inmate of his ability to submit a brief raising any points he desired. Further, Counsel served Inmate with a copy of his Petition to Withdraw and with both no-merit letters. Therefore, Counsel complied with the procedural requirements of *Craig*.

■ Furthermore, Counsel's no-merit letter complies with *Turner*. It contains a statement indicating Counsel reviewed the proceedings affecting Inmate, Inmate's Petition for Review, and the Board's record. The second no-merit letter also addressed all the issues Inmate raised on appeal. Moreover, it set forth Counsel's analysis of the issues and why each is frivolous. Accordingly, Counsel complied with *Turner*, and we may now conduct an independent review to ascertain whether Counsel's characterization of the appeal as frivolous is correct. *Hill v. Pa. Bd. of Prob. & Parole*, 707 A.2d 1214 (Pa.Cmwlth.1998).

■ At the outset, we note, the fact that Inmate proceeded without counsel before the Board does not excuse him from rais-

---

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa C.S. § 704; *McPherson v. Pa. Bd. of Prob. & Parole*, 785 A.2d 1079 (Pa.Cmwlth.2001).

ing and preserving issues. *See Griffith v. Workers' Comp. Appeal Bd. (New Holland N. Am., Inc.)*, 798 A.2d 324 (Pa.Cmwlth. 2002). Failure to raise an issue before the Board results in a waiver and precludes this Court's review. *DeMarco v. Pa. Bd. of Prob. & Parole*, 758 A.2d 746 (Pa. Cmwlth.2000); *Newsome v. Pa. Bd. of Prob. & Parole*, 123 Pa.Cmwlth. 413, 553 A.2d 1050 (1989).

■ Here, none of Inmate's alleged legal defects posed in his Petition for Review were raised at the revocation hearing. Accordingly, all these issues are waived. *DeMarco.*

■ However, even if Inmate preserved the issues in his Petition for Review, our independent evaluation reveals his contentions are wholly frivolous. Inmate first argues he is illegally detained because the Board did not have jurisdiction to recommit him. He asserts the Board acted without authority because the third sentence upon which revocation was based occurred after the maximum date of his original sentence. Counsel addressed this issue and advised Inmate the Board may extend his maximum sentence because Inmate was convicted for crimes committed when on parole in 1990. We agree with Counsel's analysis.

The act commonly referred to as the Parole Act (Act)[4] provides the Board with statutory authority to revoke parole even after the expiration of a maximum sentence date. Under Section 21.1a of the Act,[5] 61 P.S. § 331.21a, the Board retains jurisdiction to recommit a parolee convicted of a crime while on parole even after the expiration of a maximum sentence. *Wolfe v. Pa. Bd. of Prob. & Parole*, 126 Pa.Cmwlth. 48, 558 A.2d 600 (1989)

Recently, in *Adams v. Pennsylvania Board of Probation & Parole*, 885 A.2d 1121 (Pa.Cmwlth.2005), *pet. for allowance of appeal denied*, —— Pa. ——, 902 A.2d 1242 (2006), a parolee argued the Board illegally detained him because it lacked jurisdiction. The parolee asserted the Board lacked jurisdiction because the last conviction upon which his revocation was based occurred after the expiration of the maximum date of his original sentence. We disagreed, holding the Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after expiration of a maximum sentence date. Accordingly, we concluded the parolee's argument was frivolous.

Similarly here, Inmate's argument is frivolous. While on parole in 1990, Inmate committed two crimes. It is irrelevant Inmate was not convicted of the charges until 2004. Because the act constituting a violation occurred before the expiration of Inmate's maximum sentence date, the Board retained jurisdiction to recommit him. *Id.*

■ Next, Inmate contends the Board failed to provide a timely detention hearing. Counsel addressed this issue and advised Inmate of its frivolousness because Inmate failed to timely object. We agree the issue is waived, and we further provide alternate grounds.

The Board's regulation at 37 Pa.Code § 71.2(3) provides:

The following procedure shall be followed if a parolee, not already detained after appropriate hearings for other technical violations or criminal charges, has been charged with a technical violation.

---

**4.** Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34a.

**5.** Section 21.1a of the Parole Act was added by Section 5 of the Act of August 24, 1951, P.L. 1401.

. . . .

The preliminary hearing shall be held within 14 days of the detention of the parolee on the Board warrant.

■ In *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), our Supreme Court held a parolee who is detained as a convicted parole violator is not constitutionally entitled to a detention hearing. The purpose of the detention hearing is to determine whether there is probable cause to support a charge of parole violation. This purpose is fully served by the proceedings at which the prisoner is convicted. *Id.*[6]

Here, the record is unclear as to whether Inmate received a detention hearing. Nevertheless, the Board based its revocation on Inmate's 2003 conviction. Under *Rundle*, Inmate's constitutional rights were not violated by a denial of, or an untimely, detention hearing.

■ Next, Inmate avers the Board's revocation hearing notice was improper because it referenced an incorrect *institution number*. Counsel advised Inmate the discrepancy is without merit because adequacy of a notice depends on whether the correct *parole number* is provided. We agree with Counsel.

The parole number in a revocation hearing notice covers all sentences for which a parolee is under supervision. *Geiger v. Pa. Bd. of Prob. & Parole*, 655 A.2d 214 (Pa.Cmwlth.1995). "[I]t is of no consequence that a Board's revocation hearing notice references an incorrect institution number as long as the Board references the correct parole number." *Id.*

Here, Inmate's parole number is referenced on the Warrant to Commit and Detain, the Notice of Charges and Hearings, and the Notice of Board Decision recommitting Inmate. C.R. at 30–31, 58, respectively. Consequently, the Board's revocation hearing notice was proper because it correctly referenced Inmate's parole number. *Geiger.*

■ Alternatively, Counsel correctly advised Inmate that six days' notice of a revocation hearing affords due process. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court held written notice of, and hearing concerning, alleged parole violations are requirements of due process. In *Kartman v. Parratt*, 535 F.2d 450 (8th Cir.1976), the United States Court of Appeals held a preliminary hearing on four days' notice affords due process where a previously sought continuance was granted and no prejudice was shown. Additionally, in *Colon v. Pennsylvania Board of Probation & Parole*, 72 Pa.Cmwlth. 431, 456 A.2d 1145 (1983), we held eight days' notice of a revocation hearing provides due process where an offender fails to point to prejudice.

Here, the Board provided Inmate six days' notice of the revocation hearing. Inmate testified this was sufficient to prepare a defense. C.R. at 42. In addition, Inmate's bare assertion six days' notice is insufficient without description of prejudice or the suggestion of a defense, is unavailing.

■ Next, Inmate asserts the Board failed to provide a timely revocation hearing. Counsel advised Inmate he received a timely revocation hearing because it oc-

6. By contrast, if recommitment proceedings are grounded solely upon a technical parole violation, in which event there is no criminal proceeding to determine guilt, the detention hearing is constitutionally required. *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975).

curred within 120 days from the date the Board received official verification of Inmate's third sentence. We agree with Counsel.

Pursuant to the Board's regulations, a revocation hearing shall be held within 120 days from the date the Board received official verification of a guilty plea or conviction. 37 Pa.Code § 71.4(1). The Board bears the burden of showing, by a preponderance of the evidence, a timely revocation hearing occurred. *Dennis v. Pa. Bd. of Prob. & Parole,* 110 Pa.Cmwlth. 517, 532 A.2d 1230 (1987).

Here, the Board received official verification of Inmate's third sentence on November 23, 2004. C.R. at 28, 32. The Board held the revocation hearing on March 15, 2005, 111 days after it received official verification. Accordingly, Inmate received a timely revocation hearing.

Finally, for the first time in his brief to this Court, Inmate argues the Board failed to credit 11 months he served in a drug and alcohol treatment facility. Our Supreme Court holds that time spent in a rehabilitation program may constitute restrictions on liberty sufficient to warrant credit. *Cox v. Pa. Bd. of Prob. & Parole,* 507 Pa. 614, 493 A.2d 680 (1985). However, the Court stressed the burden is on the parolee to show the specific characteristics of the program that restrict liberty. *Id.*

The issue of the restrictive nature of the program is properly raised when it is sufficiently presented in an administrative appeal to the Board. *Beasley v. Pa. Bd. of Prob. & Parole,* 103 Pa. Cmwlth. 39, 519 A.2d 1069 (1987). If the issue is adequately raised in the adminis-

trative appeal, the Board is required to develop a record at a subsequent recommitment hearing and is required to make a factual determination as to the restrictiveness of the program. *Torres v. Pa. Bd. of Prob. & Parole,* 861 A.2d 394 (Pa.Cmwlth. 2004).

Here, Inmate failed to set forth a claim for credit in his request for administrative relief. Indeed, Inmate's administrative appeal failed to mention the facility or the period in which he alleges confinement. C.R. at 64–65. In addition, Inmate did not produce proof on this issue. Therefore, the record is silent as to whether Inmate was restrained in a manner which would constitute custody. Thus, the issue is waived. 37 Pa.Code § 73.1(a)(3); *White v. Pa. Bd. of Prob. & Parole,* 833 A.2d 819 (Pa.Cmwlth.2003).

Accordingly, we conclude Counsel sufficiently addressed all the issues raised in Inmate's petition, and we agree the issues are wholly frivolous. Therefore, we affirm the Board's order and grant Counsel's petition to withdraw.

### *ORDER*

AND NOW, this 11th day of October, 2006, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED** and the petition of Donald T. Gibboney, Esq. to withdraw as counsel is **GRANTED.**