IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nashaun Elliot Carter,                         :
                                               : No. 2588 C.D. 2015
                      Petitioner               : Submitted: May 6, 2016
                                               :
            v.                                 :
                                               :
Pennsylvania Board of Probation                :
and Parole,                                    :
                                               :
                      Respondent               :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                        FILED:  July 28, 2016


        Nashaun Elliot Carter petitions for review of the November 23, 2015, order of the Pennsylvania Board of Probation and Parole (Board) denying Carter's petition for administrative review and affirming the Board's decision to recalculate his parole violation maximum date to December 30, 2018.  We vacate and remand for further proceedings.


        On May 22, 2007, Carter was convicted of aggravated assault with serious bodily injury and was sentenced to 4 years, 6 months to 10 years in prison. (C.R. at 1.)  Carter's original sentence maximum date was August 11, 2016.  (*Id.*) On March 28, 2011, Carter was released on parole to the Community Corrections Center (CCC) at Allentown.  (*Id.* at 11, 76.)  On July 7, 2011, Carter was

discharged from the CCC at Allentown and transferred to the state correctional institution (SCI) at Mahanoy. (*Id.* at 34, 76.) On September 1, 2011, Carter was transferred to the SCI at Graterford. (*Id.* at 76.) On September 6, 2011, Carter was paroled to the Joseph E. Coleman Education and Treatment Center (Coleman Center). (*Id.* at 75, 76.) On November 7, 2011, Carter was transferred to the ADAPPT center in Reading (ADAPPT).[1] (*Id.* at 75.)

On December 9, 2011, Carter was discharged from ADAPPT when he failed to return to ADAPPT after work. (*Id.* at 34.) The Board declared him delinquent as of that day. (*Id.* at 12.) On May 13, 2012, the Board regained custody of Carter. (*Id.* at 2.) On June 25, 2012, the Board recommitted Carter as a technical parole violator and recalculated his parole violation maximum date to January 14, 2017. (*Id.* at 13.) Based on the Board's recalculated parole violation maximum date, Carter owed 1,707 days of backtime at the time the Board regained custody of him on May 13, 2012. (*Id.* at 2.) On November 12, 2013, Carter was released on parole to ADAPPT. (*Id.* at 23.) As of that date, Carter owed 1,159 days of backtime. (*Id.* at 86.)

On October 18, 2014, Carter was arrested and charged with aggravated assault, simple assault, and harassment in the Berks County Court of Common Pleas at CP-06-CR-0005132-2014. (*Id.* at 26, 52-53.) That same day, the Board lodged a warrant to commit and detain Carter. (*Id.* at 24.) Carter did not post bail and was confined at the Berks County Prison. (*Id.* at 43, 53.) On

---

[1] ADAPPT stands for "Alcohol and Drug Addiction, Probation, Parole and Treatment."

February 26, 2015, Carter pled guilty to simple assault and was sentenced to 8 to 23 months' imprisonment. (*Id.* at 54, 56.)

On June 24, 2015, Carter was paroled from his new sentence. By decision mailed July 17, 2015, the Board recommitted Carter as a convicted parole violator to serve 15 months of backtime based on his conviction at CP-06-CR-0005132-2014. (*Id.* at 79.) The Board recalculated Carter's parole violation maximum date to December 30, 2018. (*Id.*)

On August 6, 2015, Carter filed an administrative remedies form with the Board, objecting to the Board's recalculation of his parole violation maximum date. Carter requested credit for the following periods: (1) February 11, 2011, to July 7, 2011, while at the CCC at Allentown; (2) August 11, 2011, to September 6, 2011, while at the Coleman Center; (3) November 7, 2011, to December 9, 2011, while at ADAPPT; (4) November 12, 2013, to June 9, 2014, while at ADAPPT; and (5) August 12, 2014, to October 18, 2014, while at ADAPPT. The Board considered Carter's administrative remedies form to be a petition for administrative review. (*Id.* at 86.) By response mailed June 10, 2015, the Board denied Carter's petition for administrative review. (*Id.* at 87.) Carter now petitions this court for review.[2]

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

3

On appeal, Carter argues that the Board erred in failing to credit him for the periods that he was incarcerated exclusively pursuant to the Board's warrant. However, we are unable to address this issue because the Board failed to determine whether Carter's time at the CCC at Allentown, the Coleman Center, and ADAPPT for the aforementioned periods was sufficiently restrictive as to warrant credit on his original sentence.

The time a parolee spends in a rehabilitation program may constitute a sufficient restriction of liberty to warrant credit on his sentence. *Cox v. Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985). "The issue of the restrictive nature of the program is properly raised when it is sufficiently presented in an administrative appeal to the Board." *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 36 (Pa. Cmwlth. 2006). If the parolee properly raises the issue in his petition for administrative review, the Board must hold a hearing and determine the restrictiveness of the program. *Id.*

Here, the Board concedes that Carter may have properly raised the issue of his liberty being restricted during the time he spent at the CCC at Allentown, the Coleman Center, and ADAPPT and may be entitled to credit for those periods. The Board requests that we remand so that it can conduct a hearing on this matter. Based on our review of Carter's petition for administrative review, we agree with the Board that Carter properly raised the issue of restrictiveness.

Accordingly, we vacate the Board's November 23, 2015, order and remand this matter to the Board to conduct a hearing to provide Carter an

4

opportunity to present evidence regarding the restrictiveness of Carter's time at the CCC at Allentown, the Coleman Center, and ADAPPT.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nashaun Elliot Carter,
:
                 : No. 2588 C.D. 2015
            Petitioner   :
                 :
             v.        :
                 :
Pennsylvania Board of Probation   :
and Parole,               :
                 :
           Respondent   :

## O R D E R

AND NOW, this 28th day of July, 2016, we hereby vacate the November 23, 2015, order of the Pennsylvania Board of Probation and Parole and remand this matter for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ROCHELLE S. FRIEDMAN, Senior Judge