IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell Reid, : 
: No. 2589 C.D. 2015
Petitioner : Submitted: April 29, 2016
:
v. :
:
Pennsylvania Board :
of Probation and Parole, :
:
Respondent :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  August 11, 2016


Darnell Reid petitions for review of the December 2, 2015, determination of the Pennsylvania Board of Probation and Parole (Board) denying Reid's request for administrative review of the Board's recommitment order. We affirm.

On September 30, 2011, the Court of Common Pleas of Northampton County sentenced Reid to 1 year, 4 months, and 15 days' to 3 years, 8 months' imprisonment. (C.R. at 1.) The Board set Reid's minimum release date at September 22, 2012, and his maximum release date at January 7, 2015. (*Id.*)

On March 15, 2013, Reid signed a document titled "Conditions Governing Parole/Reparole," which advised him that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (*Id.* at 6-8.)  On March 18, 2013, the Board paroled Reid to the Allentown Community Corrections Center (Allentown CCC).  (*Id.* at 6.)

On August 18, 2014, police arrested Reid on new drug charges.  (*Id.* at 28.)  Also on August 18, 2014, the Board lodged its detainer against Reid.  (*Id.* at 11.)  Reid did not post bail.  (*Id.* at 49.)  On January 7, 2015, the Board cancelled its detainer because of the expiration of Reid's original maximum sentence.  (*Id.* at 25.)

On February 20, 2015, Reid pled guilty to the new drug charges.  (*Id.* at 35, 50.)  The Board re-lodged its detainer against Reid based on his guilty plea.  (*Id.* at 27.)  On March 26, 2015, the trial court sentenced Reid to 1 to 2 years' imprisonment on the new criminal drug charges.  (*Id.* at 36.)

On May 12, 2015, Reid waived his right to a revocation hearing and admitted to violating his parole based on the new conviction.  (*Id.* at 33.)  Also on May 12, 2015, the Board issued a hearing report.  In the report, the Board checked the "No" box, indicating that Reid was not credited for the time he spent at liberty on parole.  (*Id.* at 37-44.)  In a decision mailed on August 20, 2015, the Board recommitted Reid as a convicted parole violator (CPV) to serve 18 months' backtime and set a new maximum release date of January 1, 2017.  (*Id.* at 62-63.)

On September 3, 2015, Reid filed a request for administrative review with the Board, objecting to the recalculation of his maximum release date. (*Id.* at 64-72.) In a decision mailed December 2, 2015, the Board denied Reid's request for administrative review and affirmed its August 20, 2015, decision. (*Id.* at 73-74.) Reid filed a petition for review with this court.[1]

Initially, Reid argues that the Board erred in determining that he forfeited time spent at liberty on parole because of his new conviction. We disagree.

Reid argues that in accordance with section 6138(a)(2.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2.1), the Board has the discretion to award credit to a CPV for time spent at liberty on parole. Reid alleges that the Board's failure to exercise that discretion, which is mandated by section 6138(a)(2.1) of the Code, constitutes reversible error and, thus requires a remand to the Board for compliance with the statute.

This court addressed and rejected the argument raised by Reid in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth.) (*en banc*), *appeal granted*, 137 A.3d 572 (Pa. 2016). In *Pittman*, this court stated:

> [T]he Board's exercise of discretion under section 6138(a) of the . . . Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second,

---

[1] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

> when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit.

*Id.* at 609.

As in *Pittman*, the Board here chose to recommit Reid as a parole violator. Additionally, like *Pittman,* the Board exercised its discretion and denied Reid credit for the time he spent at liberty on parole by checking the "No" box on the hearing report. *Id.* at 611. Thus, in accordance with *Pittman*, the Board did not err in denying Reid credit for time spent at liberty while on parole.

Next, Reid argues that the Board is obligated to state specific reasons for denying him credit. However, contrary to Reid's argument, the Board is "not legally obligated to issue a statement of reasons" for its decision to deny a CPV credit under section 6138(a)(2.1) of the Code. *Id*. at 615.

Reid also claims that the Board erred in failing to credit him for time spent at the Allentown CCC. Reid maintains that the Allentown CCC is a rehabilitation program that placed sufficient restriction on his liberty, warranting a credit to his sentence for the time spent there. *See Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985).

If the issue of the restrictive nature of the program is raised in the request for administrative review to the Board, the Board is required to conduct a hearing and make findings of fact regarding the restrictiveness of the program. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 36 (Pa.

4

Cmwlth. 2006). In his request for administrative review, Reid did not raise the issue of his entitlement to credit for time spent at the Allentown CCC, which commenced on March 18, 2013.[2] Specifically, Reid's request for administrative review "failed to mention the facility or the period in which he alleges confinement." *Id.* Because Reid did not raise the issue that he is his entitled to credit for time spent at the Allentown CCC to the Board, but raised it for the first time before this court, the issue is waived. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

Finally, Reid argues that the Board improperly extended his judicially-imposed sentence. We disagree. As explained by the Pennsylvania Supreme Court, the "'Board has not . . . unlawfully extended the term of his maximum sentence, but has merely withdrawn from the petitioner credit for the time he was at liberty on parole.'" *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846 n.5 (Pa. 1979) (citation omitted).

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[2] In his request for administrative review, Reid stated that "[m]y problem is from 03-26-2015 [date of conviction] until now, I have not receive[d] time credit." (C.R. at 64.)

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell Reid,                                    :
                                                 : No. 2589 C.D. 2015
                        Petitioner               :
                                                 :
            v.                                   :
                                                 :
Pennsylvania Board                               :
of Probation and Parole,                         :
                                                 :
                        Respondent               :

## O R D E R

AND NOW, this 11<u>th</u> day of <u>August</u>, 2016, we hereby affirm the December 2, 2015, determination of the Pennsylvania Board of Probation and Parole.

_____
ROCHELLE S. FRIEDMAN, Senior Judge