# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antwan M. Cooke, : 
               Petitioner : 
       : 
       v. :    No. 1248 C.D. 2017
       :    Submitted: March 2, 2018
Pennsylvania Board of : 
Probation and Parole, : 
               Respondent : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON            FILED: June 4, 2018


       Petitioner Antwan Cooke (Cooke) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Cooke's petition for administrative relief, in which he sought to challenge the Board's recalculation of Cooke's maximum sentence date. Cooke's counsel, James L. Best, Esquire (Counsel), filed a motion to withdraw as counsel. Counsel asserts, as expressed in his "no-merit" letter, that the issues Cooke raises in his petition for review are without merit. We deny Counsel's motion, but we will provide Counsel with an opportunity to submit an amended request for leave to withdraw.

       Cooke had been incarcerated at a State Correctional Institution when the Board granted him parole on April 26, 2012. (Certified Record (C.R.) at 7.) At

the time of his parole, Cooke had a maximum sentence date of April 12, 2020. (*Id.*) On December 8, 2014, Steelton Borough Police arrested Cooke and charged him with aggravated assault. (*Id.* at 58.) The Board detained Cooke as an alleged parole violator. (*Id.* at 11.) Cooke later pleaded guilty to simple assault. (*Id.* at 51.)

Because of Cooke's guilty plea and subsequent conviction, the Board charged Cooke as a convicted parole violator. (*Id.* at 63.) Cooke waived his right to a revocation hearing. (*Id.*) By decision with a mailing date of April 13, 2016, the Board forfeited Cooke's street time and recommitted him as a convicted parole violator to serve 9 months backtime. (*Id.* at 68-69.) Further, the Board recalculated Cooke's maximum sentence date to February 11, 2023. (*Id.*)

Cooke filed an administrative appeal from the Board's decision. (*Id.* at 77-79.) In his administrative appeal, Cooke challenged the Board's revocation of his street time in recalculating his new maximum sentence date. (*Id.*) In so doing, Cooke argued that (1) the Board does not have the authority to alter his judicially-imposed sentence, and (2) the Board's action violated the Double Jeopardy Clause of the United States Constitution.[1] (*Id.*) The Board rejected Cooke's administrative appeal, reasoning:

> The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Armbruster v. Pa. Bd. of Prob. and Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were a convicted parole violator, you are not entitled to receive credit for any periods you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2).

---

[1] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides, in relevant part: "nor shall any person be subject for the same offen[s]e to be twice put in jeopardy of life or limb[.]" U.S. Const. amend V.

(*Id.* at 80.) Cooke then filed a petition for review in this Court, maintaining the same arguments raised in his administrative appeal.

We begin by addressing Counsel's request to withdraw from his representation of Cooke. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[2] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The record in this matter contains no suggestion by Cooke that he did not commit the crime for which he received a new criminal conviction, nor does Cooke suggest any reasons constituting justification or mitigation for his new criminal conviction.

---

[2] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), however, our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

3

Thus, Cooke only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[3] *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Consequently, before making an independent review of the merits of the appeal to determine whether Cooke's appeal has no merit, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications. Counsel's brief includes a summary of Cooke's parole and conviction history, reflecting an understanding of the certified record. In presenting the issues Cooke seeks to raise on appeal, Counsel's letter provides:

> [Cooke] then filed a Petition for Review on August 31, 2017[,] and an Amended Petition [on] September 8, 2017. *As this Honorable Court noted in its January 4, 2017 Memorandum Opinion*, Mr. Cooke admits he violated parole but challenges the legality of the

---

[3] Counsel served Cooke with his motion for leave to withdraw and his brief. In a letter addressed to Cooke, Counsel advised Cooke of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

revocation for the following reasons: (1) that the Board does not have the authority to alter his judicially-imposed sentence beyond his original maximum term; *(2) that the Board "unilaterally breached" Mr. Cooke's "contract" with the Court of Common Pleas of Bucks County, as his initial sentence was entered into pursuant to a plea agreement;* and (3) that his sentence was increased in violation of the *Cruel and [U]nusual Punishment* and Double Jeopardy Clauses of the United States and Pennsylvania Constitutions.

(No-Merit Letter, filed January 2, 2018 (emphasis added).) Counsel's no-merit letter adequately discusses the key factual elements that are pertinent to issue number 1 and the portion of issue number 3 pertaining to the Double Jeopardy Clause and applies the holding of relevant decisions of this Court to the facts. Thus, we conclude that Counsel's no-merit letter demonstrates adequate compliance as to those issues, and we may proceed to consider whether Counsel is correct in asserting that Cooke's appeal has no merit as to those issues.

Counsel's no-merit letter, however, provides no discussion or elaboration whatsoever regarding issue number 2—that the Board unilaterally breached Cooke's contract with the Court of Common Pleas of Bucks County—or the portion of issue number 3 pertaining to the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution.[4] Both of these issues were identified by Counsel in his no-merit letter as additional potential issues on appeal. With the absence of any substantive discussion on the law governing these issues, it is unlikely that Counsel's no-merit letter would aid Cooke in

---

[4] U.S. Const. amend. VIII.

5

understanding why Counsel believes that Cooke's claim is meritless. Thus, Counsel's no-merit letter is deficient as to these issues.[5]

Accordingly, we deny Counsel's motion for leave to withdraw as counsel, but we will provide Counsel with an opportunity to submit an amended request for leave to withdraw.

_____
P. KEVIN BROBSON, Judge

---

[5] Counsel references a January 4, 2017 opinion of this Court when he states that Cooke admitted to violating the terms of his parole but challenged the legality of the revocation on three bases. The opinion to which Counsel refers, however, does not exist. With respect to Cooke, this Court has issued no such opinion or order to that effect. Just as with the previously-discussed deficiency, Counsel's reference to a seemingly nonexistent opinion provides little aid in understanding the merits (or lack thereof) of Cooke's appeal. We impress upon Counsel that this Court vigorously reviews requests for leave to withdraw as counsel and does not grant such requests unless it is clear that Counsel has performed a sufficient review of the matter, understood the matter assigned to him, and filed an appropriate and thorough no-merit letter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Antwan M. Cooke, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1248 C.D. 2017 |
| | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 4th day of June, 2018, the motion to withdraw as counsel, filed by James L. Best, Esquire (Counsel), is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Antwan Cooke within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a brief within thirty days of the date Counsel files and serves a brief on the merits.

_____
P. KEVIN BROBSON, Judge