# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey London,                                  :
                          Petitioner           :
                                               :
        v.                                     :    No. 1109 C.D. 2017
                                               :    Submitted: July 13, 2018
Pennsylvania Board of                          :
Probation and Parole,                          :
                          Respondent           :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON                        FILED:  August 29, 2018


        Petitioner Casey London (London) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board dismissed as untimely London's administrative appeal of a Board order mailed on July 8, 2014, which formally recommitted London as a convicted parole violator and recalculated her maximum release date.  London's appointed counsel, Allison J. Rice, Esquire (Counsel), however, filed a motion to withdraw as counsel.  Counsel asserted in an initial "no-merit" letter that the issues London raises in her petition are without merit due to untimeliness.  Following our review of Counsel's initial no-merit letter, we concluded that the no-merit letter was not adequate and denied Counsel's petition to withdraw.  We permitted Counsel to submit a revised no-merit letter in response to

our order, and Counsel has done so. We now grant Counsel's motion to withdraw and affirm the order of the Board.

London had been incarcerated at a State Correctional Institution when the Board granted her parole by notice dated June 20, 2011. (Certified Record (C.R.) at 4.) London was subsequently released from confinement on October 17, 2011. (*Id.* at 6.) At the time of her parole, the Board calculated London's maximum sentence date as May 23, 2016. (*Id.* at 5.)

On May 20, 2013, the Pittsburgh Police Department arrested London on charges of drug and paraphernalia possession. (*Id.* at 14-15.) On July 3, 2013, London was moved from jail to a rehabilitation facility. (*Id.* at 18.) On July 31, 2013, London attempted to pass fake urine as her own in an attempt to pass a drug test. (*Id.* at 19.) London subsequently confessed to drug use. (*Id.*) On August 6, 2013, the Board declared London delinquent due to her failure to comply with the terms of her parole, with an effective date of delinquency of August 5, 2013. (*Id.* at 20, 22.) The Board issued a detainer on August 17, 2013, and the Oil City Police Department arrested London the same day. (*Id.* at 21-22.) London waived her right to a hearing on these violations, and, by notice dated December 4, 2013, the Board recommitted London as a technical parole violator to serve a period of six months. (*Id.* at 27-29, 38-40.) In so doing, the Board recalculated London's maximum sentence date as June 4, 2016. (*Id.* at 38-40.) Shortly thereafter, by notice dated January 10, 2014, the Board modified its previous action, adding that the Board would also detain London pending disposition of criminal charges she received from her May 20, 2013 arrest. (*Id.* at 54.)

On April 4, 2014, London pleaded guilty to possession of a controlled substance and possession of drug paraphernalia. (*Id.* at 56.) London subsequently

waived her right to a parole revocation hearing on the matter. (*Id.* at 59.) By notice dated July 8, 2014, the Board recommitted London as a convicted parole violator to serve six months backtime. (*Id.* at 73-74.) The Board also recalculated London's maximum sentence date as March 24, 2018.[1] (*Id.*)

On February 7, 2016, London filed an administrative appeal with the Board, challenging the Board action with a notice date of July 8, 2014. (*Id.* at 168.) London argued that the Board had no authority to extend her maximum sentence date, in addition to alleging constitutional violations. (*Id.* at 168-71.) The Board denied London's petition as untimely. (*Id.* at 173-74.) In so doing, the Board explained:

> The Board regulation governing administrative appeals states that administrative appeals must be received at the Board's Central Office within 30 days of the mailing date of the Board's order. This means you had until August 7, 2014 to object to the decision. Because the Board did not receive your current appeal by that date and there is no indication that you submitted the appeal to prison officials for mailing by that date, your appeal is untimely and the Board cannot accept it.
>
> Purely for your information, the Board recalculated your maximum sentence based on your recommitment as a convicted parole violator. The decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. The Board denied you credit for time at liberty on parole in this instance. The Board advised you of this potential penalty on the parole conditions you signed on October 17, 2011. You also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed

---

[1] Since this Board action, London has been paroled, arrested, and subsequently recommitted. As London is challenging the Board notice dated July 8, 2014, however, we need not present the details of her subsequent activities.

3

> satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy.

(*Id.* (internal citations omitted).) London subsequently filed the instant petition for review with this Court, again arguing (1) that the Board lacked authority to extend her maximum sentence date, and (2) constitutional violations of due process, double jeopardy, and cruel and unusual punishment.

We begin by addressing Counsel's request to withdraw from her representation of London. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[2] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

---

[2] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), however, our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)).  The record in this matter contains no suggestion by London that she did not commit the crime for which she received a new criminal conviction, nor does London suggest any reasons constituting justification or mitigation for her new criminal conviction. Thus, London only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

In order to satisfy the procedural requirements associated with no-merit letters, counsel must:  (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[3]  *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter:  (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Consequently, before making an independent review of the merits of the appeal to determine whether London's appeal has no merit, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications.  As mentioned, London argues (1) that the Board lacked authority to extend her maximum sentence date, and (2) constitutional

---

[3] Counsel served London with her motion to withdraw and her brief.  In a letter addressed to London, Counsel advised London of her right to retain counsel and to file a brief on her own behalf.  Thus, Counsel has complied with these requirements.

5

violations of due process, double jeopardy, and cruel and unusual punishment. By order dated September 14, 2017, however, this Court granted the Board's motion to limit the issue on appeal to whether the Board properly dismissed London's administrative appeal as untimely filed.

In reviewing Counsel's previous no-merit letter, we concluded that Counsel failed to summarize London's parole and arrest history, in addition to failing to reference the merits of London's appeal outside of the issue of timeliness. In her amended no-merit letter, Counsel provides a sufficient summary of London's parole and conviction history underlying her challenge. Further, Counsel references this Court's order limiting the scope of the issue on appeal and the effect the order has on London's appeal. Specifically, Counsel's no-merit letter provides:

> Upon my review of the underlying certified record in this case and other documents mailed to my office in relation to this matter, I made note that the [Board's] decision was mailed to you on July 8, 2014. You only had until August 7, 2014, to file an appeal in regard[] to this decision and you did not do so. Pursuant to 37 Pa. Code § 73.1, any appeals must be received at the Board's Central Office within thirty (30) days of the mailing date of the Board's order. Since you only had thirty (30) days from July 8, 2014, to file an appeal, and no appeal was filed within the required time frame, the Commonwealth Court will dismiss your appeal as not being timely filed. As such, the Court will not even consider reaching a decision regarding the merits of your claims.

(Counsel's motion to withdraw at 3 (emphasis removed).) Thus, Counsel has sufficiently addressed the issue before the Court and provided sufficient legal analysis as to why London's appeal was untimely. We, therefore, will proceed to consider the question of whether Counsel is correct in declaring London's appeal untimely.

6

In her no-merit letter, Counsel refers the Court to 37 Pa. Code § 73.1, which governs appeals and petitions for administrative review. With respect to appeals such as London's, 37 Pa. Code § 73.1(a) requires "[p]risoners desiring to appeal a determination of the Board [to] file an administrative appeal within 30 days of the mailing date of the determination." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 739 (Pa. 1994). Here, the Board issued its decision on July 8, 2014. (C.R. at 73-74.) Accordingly, London had until August 7, 2014 to file her petition. London, however, did not file her petition for administrative review until February 7, 2016, well beyond the 30-day filing deadline. (*Id.* at 168.) Consequently, we agree with Counsel that London's administrative appeal was untimely.[4]

Accordingly, we will grant Counsel's motion to withdraw. Moreover, because we have concluded that the Board correctly dismissed London's petition as untimely, we conclude that her petition for review lacks merit. We, therefore, affirm the order of the Board.

_____
P. KEVIN BROBSON, Judge

---

[4] Beyond the issue of timeliness, Counsel's no-merit letter also addresses the merits of London's appeal. Without opining on the merits of London's appeal, we note generally that both the Board and Counsel correctly point out that the Board has statutory authority pursuant to 61 Pa. C.S. § 6138(a)(2) to compel a convicted parole violator to serve the remainder of the term the parolee would have served had parole not been granted. With respect to London's constitutional claims, Counsel attached the opinion of *Boyd v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 912 C.D. 2015, filed March 9, 2016), an unreported opinion of this Court, wherein we stated that this Court and our Supreme Court have consistently rejected such arguments.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey London,                            :
                    Petitioner           :
                                         :
          v.                             :     No. 1109 C.D. 2017
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :
                    Respondent           :

# **O R D E R**

AND NOW, this 29th day of August, 2018, the motion to withdraw as counsel filed by Allison J. Rice, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge