**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Robert Bright,                 :
              Petitioner      :
                                :
         v.                  :    No. 387 C.D. 2018
                                :    Submitted: September 7, 2018
Pennsylvania Board of Probation     :
and Parole and Pennsylvania         :
Department of Corrections,          :
             Respondents   :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                     **FILED: October 15, 2018**

Robert Bright (Bright), an inmate in a state correctional institution, petitions for review of a 2018 order of the Pennsylvania Board of Probation and Parole (Board) dismissing as untimely his administrative appeal of the Board's 2013 recommitment and recalculation decisions. Representing himself, Bright contends he timely filed his administrative appeal and that the Board failed to provide him with a timely revocation hearing within 120 days of the Board's receipt of notice of his criminal conviction. However, the Board filed a motion to limit Bright's appeal of the recommitment and recalculation decisions to the issue of the timeliness of Bright's administrative appeal. Ultimately, this Court granted the Board's motion. Accordingly, our review of Bright's appeal is limited to whether the Board properly dismissed his administrative appeal as untimely filed. Upon review, we affirm.

**Background**

In a May 2013 decision, the Board recommitted Bright as a convicted parole violator to serve 24 months' backtime, when available pending sentencing on county charges, based on his convictions for endangering the welfare of children, indecent assault of a person less than 13 years of age and corruption of minors. In a December 2013 decision, the Board recalculated Bright's maximum sentence date as April 26, 2020.

On April 26, 2017, the Board received Bright's administrative appeal, which he signed and dated April 17, 2017. Certified Record (C.R.) at 4-5. Bright's appeal was postmarked April 19, 2017. C.R. at 6. Thereafter, Bright filed an application for speedy disposition, which he signed and dated October 22, 2017. C.R. at 7-8.

In a decision with a mailing date of February 20, 2018, the Board dismissed Bright's administrative appeal as untimely filed given the **December 13, 2013**, mailing date of its recalculation decision. To that end, the Board explained (with emphasis added):

> The Board regulation governing administrative appeals states that administrative appeals must be received at the Board's Central Office within 30 days of the mailing date of the Board's order. 37 Pa. Code §73.1(a). This means you had until January 13, 2014 to object to the decision. <u>Because the Board did not receive your current appeal by that date and there is no indication that you submitted the appeal to prison officials by that date, your appeal is untimely and the Board cannot accept it</u>.

C.R. at 10. As discussed below, the mailing date of December 13, 2013 for the Board's recalculation decision is significant.

Thereafter, Bright filed a timely petition for review with this Court.[1]  In June 2018, the Board filed a motion to limit the issue in Bright's appeal to the timeliness of Bright's administrative appeal.  The Court granted the motion and later confirmed it after considering an objection filed by Bright asserting that the Court granted the motion before he could respond to it.

**Discussion**

A prison inmate seeking to appeal a Board determination must file an administrative appeal within 30 days of the mailing date of the Board's decision.  37 Pa. Code §73.1(a)(1); McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993).  Where an inmate fails to meet this deadline, the Board lacks jurisdiction to entertain the appeal and should dismiss it as untimely filed.  Id.

As noted above, the certified record reflects the Board received Bright's administrative appeal on April 26, 2017, more than 1,400 days after the Board's May 2013 recommitment decision and more than 1,200 days after the Board's December 2013 recalculation decision.  See C.R. at 4-5.  Plainly, the record indicates that Bright failed to file a timely appeal within 30 days of either the Board's 2013 recommitment or recalculation decisions.  Consequently, the Board properly dismissed Bright's administrative appeal as untimely filed.  McCaskill.

---

[1] Our review is limited to determining whether substantial evidence supports the Board's decision, and whether the Board erred as a matter of law or violated the parolee's constitutional rights.  2 Pa. C.S. §704; Reavis v. Pa. Bd. of Prob. & Parole, 909 A.2d 28 (Pa. Cmwlth. 2006).

Nevertheless, Bright contends he timely filed his administrative appeal on December 3, 2013. To that end, Bright asserts he timely filed his appeal under the prisoner mailbox rule.[2] In support of his position, Bright attaches to his brief a photocopy of a cash slip (Form DC-138A) from the Department of Corrections (DOC) with handwriting indicating a deduction from his inmate account for postage in the total amount of $5.65 for correspondence sent to the Board. See Pet'r's Br., Ex. V-RB. The cash slip is dated December 4, 2013. Id.

In addition, Bright's attachment includes a copy of a U.S. Post Office certified mail receipt (PS Form 3800) sent to the Board's address at 1101 South Front Street, Harrisburg, PA, 17104. Pet'r's Br., Ex. V-RB. The certified mail receipt is also dated December 4, 2013. In addition, Bright attached a copy of a signed return (PS Form 3811) from the Board's 1101 South Front Street address. Id. The signed return indicates a date of December 9 (the edge of the copy cut off the year).

Bright also attached an administrative appeal form challenging the Board's decisions. See Pet'r's Br., Ex. VI-RB. The appeal challenged the revocation decision on grounds including insufficient evidence, constitutional violations and a recommitment challenge. Id. The appeal also included challenges to the recalculation decision as to sentence credit and order of sentences served. Id. The appeal was dated December 3, 2013. Id.

---

[2] "The 'prisoner mailbox rule' deems that a prisoner's [uncounseled] appeal is filed at the time it is given to prison officials or *put in the prison mailbox*." Sweesy v. Pa. Bd. of Prob. & Parole, 955 A.2d 501, 502 (Pa. Cmwlth. 2008) (emphasis in original).

4

In response to Bright's argument, the Board asserts this Court should not consider the exhibits Bright attached to his brief because they are outside the certified record. We agree. "An appellate court is limited to considering only those facts that have been duly certified in the record on appeal." B.K. v. Dep't of Pub. Welfare, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). "For purposes of appellate review, that which is not part of the certified record does not exist." Id. "Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record." Id. (emphasis added). The appellant bears the responsibility for ensuring that the certified record contains sufficient information for proper appellate review. Id. Failure to do so constitutes a waiver of the issues sought to be examined. Id.

In accord with our decision in B.K., we cannot consider the documents Bright attached to his brief. Rather, our review is limited to the items included in the certified record. B.K.; McKenna v. Pa. State Horse Racing Comm'n, 476 A.2d 505 (Pa. Cmwlth. 1984).

More to the point, however, the Board's February 20, 2018, decision states there is no indication that Bright submitted an administrative appeal to prison officials within 30 days of the **December 13, 2013** mailing date. C.R. at 10. Thus, the certified record contradicts Bright's contention that he "timely filed" his administrative appeal on "December 3, 2013," ten days **before** the Board mailed its recalculation decision. See Pet'r's Br. at 2 ("Argument"). Similarly, the certified record contradicts Bright's assertion that his administrative appeal was "received and filed by the Parole Board on December 09, 2013." Id. In short, the certified

record supports the Board's history of the case, not that provided by Bright. Therefore, we discern no error or abuse of discretion in the Board's order dismissing Bright's administrative appeal as untimely filed. McCaskill.

We also agree with the Board that Bright did not offer any reasons for the grant of an appeal *nunc pro tunc* (late appeal by permission). The 30-day period to file an administrative appeal from a Board revocation decision is jurisdictional and cannot be extended absent a showing of fraud or a breakdown in the administrative process. Smith v. Pa. Bd. of Prob. & Parole, 81 A.3d 1091 (Pa. Cmwlth. 2013). Nonetheless, a delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a third party or a breakdown in the administrative process, may warrant *nunc pro tunc* relief. Id.

Significantly, Bright did not seek permission to file an appeal *nunc pro tunc* in either his April 2017 administrative appeal to the Board or his current appeal to this Court.[3] What is more, there is nothing in this case showing fraud or a breakdown in the administrative process. The record shows the Board sent notice of its recommitment and recalculation decisions addressed to Bright as an inmate at the State Correctional Institution (SCI) at Laurel Highlands. See May 23, 2013, recommitment decision (Supplemental C.R. at 1A-2A); December 13, 2013, recalculation decision (C.R. at 1). Where there is nothing indicating that the Board did not properly send notice of the decision to an inmate, the mere allegation of

---

[3] A person seeking to file a *nunc pro tunc* appeal must proceed with reasonable diligence once he learns of the necessity to take action. Smith v. Pa. Bd. of Prob. & Parole, 81 A.3d 1091 (Pa. Cmwlth. 2013). In particular, he must establish: (1) he filed the appeal shortly after learning of and becoming able to address its untimeliness; (2) the elapsed time is of very short duration; and (3) the respondent will not suffer prejudice because of the delay. Id.

6

failure to receive notice is not sufficient cause for allowing an appeal *nunc pro tunc*. Cardogan v. Pa. Bd. of Prob. & Parole, 541 A.2d 832 (Pa. Cmwlth. 1988). Therefore, the certified record in this case does not support a grant of *nunc pro tunc* relief.

      For the above reasons, we affirm the Board's order.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Bright,                        :
                       Petitioner     :
                                  :
                                  :
              v.              :  No. 387 C.D. 2018
                                  :
Pennsylvania Board of Probation        :
and Parole and Pennsylvania            :
Department of Corrections,             :
                 Respondents     :

# **O R D E R**

**AND NOW**, this 15th day of October, 2018, for the reasons stated in the foregoing opinion, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

 

ROBERT SIMPSON, Judge