# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Davis,                        :
                      Petitioner        :
                                        :
          v.                            :    No. 1060 C.D. 2017
                                        :    Submitted:  February 2, 2018
Pennsylvania Board of                   :
Probation and Parole,                   :
                      Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  June 4, 2018**


Petitioner Alexander Davis (Davis) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Davis's petition for administrative relief, in which he sought to challenge the Board's calculation of backtime Davis owed as a convicted parole violator.  Davis's counsel, Richard C. Shiptoski, Esquire (Counsel), filed a petition for leave to withdraw as counsel.[1]  Counsel asserts, as expressed in his *Anders*[2] brief, that the issues Davis

---

[1] After Counsel submitted his brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), Davis submitted a *pro se* brief in support of his petition for review.

[2] In *Anders*, the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the

raises in his petition for review are without merit. We now grant Counsel's petition for leave to withdraw and affirm the order of the Board.

In 2003, Davis was convicted of robbery and sentenced to serve a five-to-ten year prison term with a minimum release date of March 23, 2007, and a maximum release date of March 23, 2012. (Certified Record (C.R.) at 1.) On March 29, 2007, the Board released Davis on parole. (*Id.* at 9.) In 2013, Davis was arrested and charged with Murder of the First Degree and Murder of the Third Degree, along with other charges. (*Id.* at 19.) These charges stemmed from a February 13, 2011 incident that occurred while Davis was still under the Board's supervision. (*Id.* at 32.) After Davis's trial on these charges, a hung jury resulted in a mistrial. (*Id.* at 28.) Prior to a new trial on the same charges, Davis entered a plea of nolo contendere to Murder in the Third Degree. (*Id.*) Accordingly, the Court of Common Pleas of Philadelphia County sentenced Davis to a five-to-ten year term of imprisonment. (*Id.* at 29.) Thereafter, the Board scheduled a revocation hearing. (*Id.* at 37.)

At the hearing, Davis's appointed counsel motioned to dismiss the proceeding because Davis's arrest date, July 22, 2013, occurred after his maximum parole date of March 23, 2012. (*Id.* at 53-54.) Therefore, Davis's appointed counsel argued that because Davis's arrest occurred after Davis maxed out his sentence, the

---

appeal. *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

Board did not have the authority to recommit Davis. (*Id.*) The hearing examiner denied the motion. (*Id.* at 54.)

By notice mailed on May 5, 2016, the Board recommitted Davis as a convicted parole violator to serve the remainder of his unexpired term, resulting in 4 years, 11 months, and 23 days of backtime. (*Id.* at 61.) The Board calculated Davis's new maximum sentence date as March 20, 2021. (*Id.*)

Thereafter, Davis filed a petition for administrative relief with the Board. (*Id.* at 66.) In the petition, Davis argued that the Board had no authority to recommit Davis as a convicted parole violator. (*Id.* at 68.) Specifically, Davis argued that because his maximum sentence date preceded the date of his arrest, the Board lacked jurisdiction over Davis. (*Id.* at 67.) Accordingly, Davis alleged constitutional violations. The Board denied Davis's petition for administrative relief and affirmed its decision. (*Id.* at 71-72.) In so doing, the Board explained:

> The Board recalculated your maximum sentence date to March 20, 2021 based on your recommitment as a convicted parole violator. The decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you be given no credit for the period you were at liberty on parole. The Board advised you of this potential penalty on the parole conditions you signed on March 29, 2007. You also had constructive notice of this potential penalty via the statute. In your correspondence, you allege the Board did not have jurisdiction to recommit you as a convicted parole violator because you were not arrested until July 22, 2013[,] which occurred after your maximum expiration date of March 23, 2012. According to the Prisons and Parole Code [(Code)],[3] the Board has the authority to recommit a parolee who, during the period of parole commits a crime punishable by imprisonment and is further found guilty by a judge, jury or pleads guilty or

---

[3] 61 Pa. C.S. §§ 101-6309.

3

nolo contendere in a court of record. In this case, the crime in question occurred on February 13, 2011, before your maximum expiration dated [sic] of March 23, 2012, to which you entered a plea of no contest on January 11, 2016. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy.

Finally, the Board properly recalculated your max date. You were released on parole on March 29, 2007 with a maximum expiration date of March 23, 2012. This means you had 1821 days left to serve on your sentence at the time you were paroled. Again, the Board's decision to recommit you as a convicted parole violator authorized the Board to recalculate your sentence to reflect that you receive no credit for the period you were at liberty on parole. The offense of which you were convicted prohibits the Board from awarding you credit for time at liberty on parole, leaving you with 1821 days remaining on your original sentence.

(*Id.* (internal citations omitted).) Davis then filed the instant petition for review with this Court, arguing that (1) the Board no longer had jurisdiction over Davis after the expiration of his maximum sentence date, (2) the Board improperly imposed backtime that exceeded Davis's remaining sentence, (3) the Board erred in recalculating his maximum sentence date without adequate explanation, and (4) the Board did not have the authority to extend his maximum sentence date.

We begin by addressing Counsel's request to withdraw from his representation of Davis. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief. In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this

4

Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Davis that he did not commit the crimes for which he received a new criminal conviction, nor does Davis suggest any reasons to justify or mitigate the parole violation—*i.e.*, his new criminal conviction. Thus, Davis has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[4]  This case, therefore, is one in which a no-merit letter would have satisfied Counsel's responsibilities in seeking to withdraw from his representation of Davis.

When an attorney files an *Anders* brief "when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer v. Pa. Bd. of Prob. and Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010).  In order to satisfy the procedural requirements associated with no-merit letters, counsel must:  (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel or to submit to the Court a brief of his own raising any arguments

---

[4] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

that he may believe are meritorious.[5]  *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, an attorney must include the following descriptive information in the no-merit letter:  (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless.  *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Counsel's *Anders* brief includes a thorough recitation of the pertinent factual and procedural history of the case, identifies the issues raised in the petition for review, discusses the key factual elements that are pertinent to the issues, and applies the holding of relevant decisions of this Court to the facts.  Thus, we conclude that Counsel's *Anders* brief demonstrates adequate compliance with the requirements for a no-merit letter, and we may proceed to consider whether Counsel is correct in asserting that Davis's appeal has no merit.  As previously mentioned, the issues Davis sought to raise on review are that (1) the Board no longer had jurisdiction over Davis after the expiration of his maximum sentence date, (2) the Board improperly imposed backtime that exceeded Davis's remaining sentence, (3) the Board erred in recalculating his maximum sentence date without adequate explanation, and (4) the Board did not have the authority to extend his maximum sentence date.

In addressing Davis's first issue, we begin by noting that it is well-settled that the Board has jurisdiction to recommit a parolee after his maximum sentence date for crimes committed while he was still on parole, even if he was not

---

[5] Counsel served Davis with his petition for leave to withdraw and his *Anders* brief.  By order dated November 29, 2017, this Court explained that Davis could obtain substitute counsel to file a brief in support of his petition for review or file a brief on his own behalf.  Counsel served Davis with this Court's order.  Counsel has, therefore, complied with these requirements.

6

charged with and convicted of those crimes until after his maximum sentence expired. 61 Pa. C.S. § 6138(a)(1); *Adams v. Pa. Bd. of Prob. and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005), *appeal denied*, 902 A.2d 1242 (Pa. 2006). Section 6138(a)(1) of the Code, 61 Pa. C.S. § 6138(a)(1), permits the Board to recommit as a convicted parole violator any parolee

> who, *during the period of parole* or while delinquent on parole, *commits a crime punishable by imprisonment*, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record . . . .

(Emphasis added.) The critical issue is not when the parolee was charged with the crime or convicted of a crime, or when parole was revoked and the parolee was recommitted, but whether he committed the crime for which he was ultimately convicted before his parole ended. *Adams*, 885 A.2d at 1124. Here, the crime to which Davis pleaded nolo contendere occurred on February 13, 2011, approximately thirteen months prior to the March 23, 2012 expiration of his maximum sentence date. Because the crimes to which Davis pleaded nolo contendere occurred prior to the expiration of his maximum sentence date, the fact that the Board determined to recommit him when it did is irrelevant, as the Board had the jurisdiction to do so. *See id.* Accordingly, Davis's argument is without merit.

We now turn to Davis's next issue on appeal, wherein he argues that the Board improperly imposed backtime that exceeded Davis's remaining sentence. Davis argues that the Board may not impose backtime that exceeds the remaining balance of a parolee's term. Section 6138(a)(5) of the Code, 61 Pa. C.S. § 6138(a)(5), provides that convicted parole violators who are paroled from a state correctional institution and subsequently receive a new sentence to be served in a state correctional institution must serve the original sentence first. This

provision takes effect when the parolee is recommitted as a convicted parole violator. Here, the Board granted Davis parole on March 29, 2007, with a maximum sentence date of March 23, 2012. (C.R. at 7.) At that time, the difference between Davis's original release date (March 29, 2007) and his maximum sentence date (March 23, 2012) totaled 4 years, 11 months, and 23 days. Due to Davis's new charges, the Board voted to recommit Davis on March 25, 2016. (*Id.* at 47.) When the Board recommitted Davis, it ordered him to serve that unexpired term. (*Id.* at 61.) Adding the previously unserved 4 years, 11 months, and 23 days to the date in which the Board voted to recommit Davis yields a new maximum sentence date of March 20, 2021. The Board, therefore, did not impose backtime in excess of Davis's maximum sentence date. Rather, the Board ordered Davis to serve the remainder of his original term for which he had been released on parole, as required by 61 Pa. C.S. § 6138(a)(5). Accordingly, Davis's argument on this issue is also meritless.[6]

Davis next argues that the Board erred in recalculating his maximum sentence date without adequate explanation. In so arguing, Davis does not specify any deficiencies with the Board's explanation aside from merely stating that it was inadequate. The Board, in recalculating Davis's maximum sentence date, explained in its correspondence to Davis that it released him on parole on March 29, 2007. (*Id.* at 71.) As Davis's maximum sentence date was March 23, 2012, Davis had 1,821 days (4 years, 11 months, and 23 days) left to serve on his sentence at the time the Board paroled him. (*Id.*) The Board further explained that its decision to recommit Davis as a convicted parole violator authorized the Board to recalculate

---

[6] We also note that, as pointed out by Counsel, Davis failed to raise this issue at his revocation hearing or in his administrative appeal. Accordingly, this issue is waived. *See Chesson v. Pa. Bd. of Prob. and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).

his sentence to reflect that Davis receive no credit for the period in which Davis was at liberty on parole. (*Id.*) The Board has the express authority to do so, as Section 6138(a)(2) of the Code, 61 Pa. C.S. § 6138(a)(2), provides that parolees "shall be given no credit for the time at liberty on parole" in such a situation. The Board voted to recommit Davis on March 25, 2016, and added his unserved 1,821 days to that date, thus rendering a new maximum sentence date of March 20, 2021. (*Id.* at 47, 61.) As the Board explained this all to Davis, we determine the explanation to be adequate.

Davis's final argument is that the Board did not have the authority to extend his maximum sentence date. Specifically, Davis argues that imposing and extending sentences is exclusively a judicial function in which the Board may not partake. Davis's argument has been repeatedly rejected by our Courts. As previously mentioned, the Board revoked any credit Davis had amassed while on liberty from parole due to his status as a convicted parole violator. In *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979), our Supreme Court determined that the "Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." Further, in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), the Supreme Court stated that "when the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." *Gaito*, 412 A.2d at 570. Here, just as in *Young* and *Gaito*, the Board did not engage in a judicial function when it recommitted Davis as a convicted parole violator to serve his maximum sentence, thereby forfeiting his time at liberty on parole.

9

Based on the foregoing, we agree with Counsel that Davis's petition for review lacks merit, and, therefore, we grant Counsel's petition for leave to withdraw as counsel. Moreover, because we have concluded that Davis's appeal lacks merit,[7] we affirm the order of the Board denying his administrative appeal.

_____
P. KEVIN BROBSON, Judge

---

[7] In reaching this conclusion, the Court considered the *pro se* brief filed by Davis.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Davis, :
                     Petitioner :
                     :
         v. : No. 1060 C.D. 2017
                     :
Pennsylvania Board of :
Probation and Parole, :
                   Respondent :

## **O R D E R**

AND NOW, this 4th day of June, 2018, the petition for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, is hereby GRANTED, and the order of the Pennsylvania Board of Probation and Parole (Board) is AFFIRMED.

 

P. KEVIN BROBSON, Judge