Gregorio Jewells,     :
      Petitioner :
          :
    v.       :  No. 950 C.D. 2022
          :  SUBMITTED: October 10, 2023
Pennsylvania Parole Board,  :
      Respondent :

BEFORE: HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**      **FILED: November 3, 2023**

   Gregorio Jewells petitions for review of an order of the Pennsylvania Parole Board, which denied his administrative appeals of his recommitment as a convicted parole violator (CPV) and the recalculation of his parole violation maximum sentence date (maximum date). In addition, Jewells' Counsel, David Crowley, Esquire, has filed an application for withdrawal of appearance, asserting that Jewells' petition is without merit. After review, we grant Counsel's application and affirm the Board's order.

   In 1988, Jewells was sentenced in Montgomery, Bucks, Lancaster, Philadelphia, and Chester Counties to an aggregate period of 7½ to 25 years' imprisonment for multiple offenses, including burglary, theft, and receiving stolen property. Certified Record (C.R.) at 1-6. The Department of Corrections assigned him inmate number AS0928 and calculated his maximum date as October 9, 2012.

C.R. at 5. Jewells was paroled to the intensive supervision diversion release program on or about December 6, 1995. C.R. at 8-9. However, he was arrested again in 1997 and the Board subsequently ordered that he be detained pending disposition of his new criminal charges. C.R. at 10. Jewells was recommitted to a state correctional institution (SCI) as a technical parole violator (TPV) on September 1, 1998, and then reparoled on or about June 22, 1999, with no change to his maximum date. C.R. at 11, 15-16.

In December 2000, Jewells was again recommitted as a TPV and detained pending new criminal charges. C.R. at 18. Following his conviction, Jewells was recommitted as a CPV to serve 24 months' backtime and his maximum date was recalculated as February 18, 2017. C.R. at 19-20. Jewells was reparoled to a detainer sentence by Board order dated February 22, 2005, and then paroled from that detainer sentence on December 29, 2006. C.R. at 25-29.

Jewells was arrested by the Philadelphia Police Department in 2008, and the Board subsequently issued a detainer for him pending disposition of his new criminal charges, including burglary. C.R. at 32. Following his conviction in 2009, he was recommitted to an SCI as a CPV to serve 15 months' backtime, and his maximum date was recalculated as December 5, 2020. C.R. at 35-36. He was reparoled to a detainer sentence on April 29, 2010, and subsequently paroled to a community corrections center on December 16, 2010. C.R. at 37-41.

In 2011, Jewells was yet again arrested on new charges and detained by the Board. C.R. at 42. He was ultimately convicted of burglary in 2012 and recommitted as a CPV to serve 15 months' backtime, and his maximum date was recalculated as February 3, 2023. C.R. at 45. Jewells was reparoled to a detainer sentence and subsequently released on parole on February 8, 2016. C.R. at 61-65.

2

Notably, the Department assigned Jewells an additional number of MK1364 upon his 2012 recommitment (recommitment number). C.R. at 69. In a Board decision recorded on May 25, 2017, Jewells was reparoled at recommitment number MK1364. C.R. at 72-73. While that decision lists a maximum date for recommitment number MK1364 of March 3, 2021, it goes on to explicitly state: "YOU MUST REMAIN ON REPAROLE UNTIL 02/03/2023, THE LONGEST REMAINING MAXIMUM FOR INDICTMENT NUMBERS ASSOCIATED WITH INSTITUTION NUMBER AS0928." C.R. at 72. The Board's May 25, 2017 order releasing Jewells on parole contains this same language. C.R. at 74.

On August 26, 2019, Jewells was arrested in Cumberland County on multiple charges, including burglary, and was released on his own recognizance the following day. C.R. at 207, 212. He remained in the community and was not detained by the Board until October 14, 2020, after he was arrested in Bucks County on burglary charges which occurred in 2019. C.R. at 82-84, 99, 104. Jewells was detained in lieu of bail in Bucks County from October 14, 2020, until December 8, 2020. C.R. at 93, 226. At that time, due to his health conditions and the ongoing COVID-19 pandemic, the Board cancelled its detainer and Jewells was released on parole with electronic monitoring. C.R. at 136-39.

Jewells was convicted of burglary in Cumberland County on May 4, 2021, and was detained solely on a Board warrant on May 20, 2021. C.R. at 140-42. He was also convicted of burglary in Bucks County on August 5, 2021, but remained incarcerated solely on the Board's warrant. C.R. at 142. That warrant and the Board's subsequent notice of revocation hearing both reference Jewells' parole number 8523T and his recommitment number MK1364, which technically had a maximum date of March 3, 2021. C.R. at 140-42. During the revocation hearing,

3

Jewells acknowledged his new convictions but argued that he was only on parole out of two counties and that his maximum date under recommitment number MK1364 had expired. C.R. at 182, 184. The hearing examiner stated that the information packet for the revocation hearing did not contain inmate number AS0928. C.R. at 182. However, he explained that the maximum date for Jewells under that number "appears to expire somewhere around 2023," and that the Board's technicians would look into the issue. C.R. at 182. In response, Jewells stated "that's the one that shouldn't even be there. That maxed out." C.R. at 183.

On September 7, 2021, Jewells was sentenced in Cumberland County to a period of two to four years' incarceration to be followed by five years' probation. C.R. at 236. Shortly thereafter, he was sentenced in Bucks County to a term of two to four years' incarceration. C.R. at 236. By Board decision with a mailing date of November 1, 2021, the Board recommitted Jewells as a CPV to serve 72 months' backtime "when available" on his sentence at inmate number AS0928. C.R. at 240-41. In a separate decision with a mailing date of November 19, 2021, the Board did not award Jewells credit for time spent at liberty on parole for the stated reason that his new conviction was the same or similar to his original offense. C.R. at 238. The Board did award Jewells backtime credit of 159 days for the period of May 20, 2021 to October 26, 2021, when he was detained solely on the Board's warrant. C.R. at 235. Using this credit, and the custody for return date of October 26, 2021 as the date Jewells became available to serve his backtime, the Board recomputed his maximum date as May 15, 2028. C.R. at 235, 239.

Jewells filed timely administrative remedies forms concerning the Board's decisions mailed on November 1 and 19, 2021. C.R. at 243-50. By final determination mailed on August 10, 2022, the Board denied both of Jewells' requests

for administrative relief and affirmed its previous decisions. C.R. at 251-53. Jewells petitioned this Court for review, following which Counsel submitted his application.

We must first address Counsel's application for withdrawal of appearance and determine whether he has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, it is well established that court-appointed counsel seeking to withdraw representation must (1) notify the petitioner of his request to withdraw; (2) furnish the petitioner with a copy of his no-merit letter;[1] and (3) advise the petitioner of his right to retain new counsel or proceed *pro se* and raise any new points that he might deem worthy of consideration. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). Further, counsel's "no-merit letter must set forth[] (1) the nature and extent of his review of the case; (2) the issues the p[etitioner] wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit[.]" *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted).

Upon review of Counsel's application and accompanying no-merit letter, it is clear that he satisfied both the procedural and substantive requirements necessary to withdraw as counsel. With regard to the procedural requirements, Counsel (1) notified Jewells of his application for withdrawal of appearance; (2) furnished Jewells with a copy of his application and no-merit letter in support thereof; and (3) advised Jewells of the right to retain new counsel, to proceed *pro se*,

---

[1] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), commonly referred to as an *Anders* brief. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In contrast, where the petitioner has only a statutory rather than a constitutional right to counsel, as is the case here, counsel may submit a no-merit letter instead of an *Anders* brief. *Id.* at 25-26.

5

and to raise any additional issues that he deems worthy of review by this Court. Jewells did, in fact, file a *pro se* brief which will be addressed below. In his no-merit letter, Counsel also set forth (1) the nature of his review of the case; (2) the issues Jewells sought to raise in his petition for review; and (3) an explanation as to why he believes those issues are without merit. As such, Counsel has complied with the procedural requirements.

Turning to our review of the merits of the petition for review, Jewells first claims that the Board lacked jurisdiction to recommit him as a CPV because the evidence presented at his revocation hearing established that the sentence underlying inmate number AS0928 expired prior to the commission of the new criminal offenses. This argument is without merit.

Section 6138(a)(1) of the Prisons and Parole Code provides that the Board may recommit as a CPV a parolee who, "during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the [parolee] is convicted or found guilty by a judge or jury . . . at any time thereafter[.]" 61 Pa.C.S. § 6138(a)(1). Here, the relevant criminal offenses Jewells was charged with in Cumberland and Bucks Counties all occurred in 2019, C.R. at 82-84, 99, 104, 207, 212, and his maximum date under inmate number AS0928 did not expire until 2023, C.R. at 45, 72. Moreover, Jewells also committed these latest offenses before the expiration of his maximum date for recommitment number MK1364, which was March 3, 2021. C.R. at 72. Because Jewells was still on parole when he committed the relevant offenses, the Board had authority to recommit him. *See* 61 Pa.C.S. § 6138(a)(1); *see also Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005) ("There is no doubt that the Board can recommit and

6

recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence expired.").

Jewells next argues that the Board violated his due process rights by only giving him notice of, and only presenting evidence at his revocation hearing supporting the revocation of his MK1364 sentence, not his AS0928 sentence. Jewells is correct in his assertion that the information packet submitted to the Board regarding his revocation hearing referred to only his parole number 8523T and his recommitment number MK1364. As explained above, however, this error is of no moment because Jewells committed his latest offenses prior to the expiration of the maximum date associated with both MK1364 and AS0928. In addition, "the revocation of parole is not part of a criminal prosecution," and therefore "the full panoply of rights due a [petitioner] in such a proceeding does not apply to parole revocations." *Hossback v. Pa. Bd. of Prob. & Parole*, 471 A.2d 186, 187-88 (Pa. Cmwlth. 1984) [citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)]. Given this premise, we have repeatedly held that "[t]he parole number in a revocation hearing notice covers all sentences for which a parolee is under supervision. It is of no consequence that a Board's revocation hearing notice references an incorrect institution number as long as the Board references the correct parole number." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 35 (Pa. Cmwlth. 2006) (internal citation and quotation omitted). Here, the Board's revocation notice provided Jewells with adequate notice because it referenced his correct parole number.

Jewells further argues that the Board's recalculation of his maximum sentence failed to credit him with all the time to which he is entitled. This argument also lacks merit. Section 6138(a)(2) of the Prisons and Parole Code provides, in pertinent part, that a petitioner whose parole is revoked "shall be recommitted to

serve the remainder of the term which [he] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Here, when Jewells was released on parole on February 8, 2016, the remainder of his term at inmate number AS0928 was 2,552 days. C.R. at 65, 235-37, 253. Jewells does not argue that any of the exceptions in Section 6138(a)(2.1) apply here or otherwise challenge the Board's denial of credit for the time he spent at liberty on parole.

As for potential credit for periods of pretrial incarceration, our Supreme Court has explained that

> if a [petitioner] is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a [petitioner], however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Under *Gaito*, Jewells is not entitled to credit for his period of pretrial incarceration from October 14, 2020 until November 9, 2020, because he was detained on the Board's warrant *and* did not post bail. C.R. at 82-84, 93, 226. Conversely, Jewells is entitled to, and the Board did award him, credit for the period from May 20, 2021 to October 26, 2021 (159 days), because he was incarcerated solely on the Board's detainer. C.R. at 140-42, 235. This reduced Jewells' backtime owed to 2,393 days. Applying this credit and using the custody for return date of October 26, 2021 as the date Jewells became available to serve his backtime, results in a new maximum date of May 15,

2028. C.R. at 235, 239. There is no merit, therefore, in Jewells' claim that the Board erred in its recalculation of his maximum date.

Finally, in his *pro se* brief to the Court, Jewells argues that Counsel failed to properly investigate his case and erred by reversing his position and arguing in the application that Jewells' claims are without merit. We reject this argument for the reasons set forth above in our independent review of this matter. Jewells also appears to claim that he was committed to the various county prisons and the state prison system under the incorrect name of Gregory Jewell. He maintains that he has no aliases and that his initial commitment under an incorrect birth name calls into question the validity of his sentences and his continued confinement. This issue is waived, however, because Jewells did not raise it in his administrative remedies forms submitted to the Board. *See* C.R. at 243-50; *see also Reavis*, 909 A.2d at 34 ("Failure to raise an issue before the Board results in waiver and precludes this Court's review.").

For the foregoing reasons, we agree that Jewells' appeal is without merit. Accordingly, we grant Counsel's application and affirm the Board's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Gregorio Jewells, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 950 C.D. 2022 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

# O R D E R

AND NOW, this 3rd day of November, 2023, David Crowley, Esquire's application for withdrawal of appearance is GRANTED and the order of the Pennsylvania Parole Board is AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita