# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Matthew Deck,       :
       Petitioner    :
            :
     v.        :   No. 215 C.D. 2023
            :
Pennsylvania Parole Board,     :
       Respondent   :   Submitted: April 8, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
      HONORABLE MATTHEW S. WOLF, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF             FILED: May 13, 2025


    Paul Matthew Deck (Deck) petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed February 3, 2023. The Board affirmed in part and modified in part its prior decision recorded April 5, 2022, thereby denying Deck's request for administrative relief from those decisions. Deck's appointed counsel, Karen S. Hendershot, Esquire (Counsel), has filed an application to withdraw as counsel and accompanying no-merit letter[1] stating that

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that before a criminal defendant's counsel may withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. 386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Commonwealth v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Pennsylvania

**(Footnote continued on next page…)**

Deck's second amended petition for review is meritless. We grant Counsel's application to withdraw and affirm the Board's decision.

By action recorded April 5, 2016, the Board granted Deck parole. Certified Record (C.R.) at 6. Deck was released from confinement at a State Correctional Institution (SCI) on May 9, 2016. *Id.* at 9. By action recorded August 8, 2016, the Board recommitted Deck as a technical parole violator (TPV). *Id.* at 14. Deck was automatically reparoled after that recommitment, and was released from confinement on December 2, 2016. *Id.* at 17-18. At the time of his release, Deck's original sentence had a maximum sentence date of October 12, 2022. *Id.*

On September 5, 2019, the Philadelphia Police Department arrested Deck and filed new charges against him. C.R. at 22-23, 37. The Board lodged a warrant to commit and detain Deck as a parole violator pending the new charges. *Id.* at 22-23. The new charges were dismissed on November 26, 2019, for lack of prosecution. *Id.* at 37. On February 13, 2020, the Board continued Deck on parole and cancelled its detainer and Deck was released from custody. *Id.* at 26-27. His maximum sentence date remained October 12, 2022. *Id.*

By action recorded November 23, 2020, the Board declared Deck delinquent effective September 18, 2020. C.R. at 29. On January 10, 2021, the Bensalem Township Police Department arrested Deck and charged him with several crimes including strangulation, simple assault, reckless endangerment, and terroristic threats, with an alleged offense date of September 5, 2020. *Id.* at 101-02. Also on January 10, 2021, the Board lodged a warrant to commit and detain Deck

Supreme Court, however, has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court why counsel believes the issues have no merit. *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

2

for parole violation. *Id.* at 30. Deck was held in Bucks County Prison on $50,000 bail on the new charges, which he did not post. *Id.* at 101-02.

By action recorded February 26, 2021, the Board detained Deck pending the new charges and recommitted Deck as a TPV to serve six months' backtime. C.R. at 31-33. The Board recalculated Deck's maximum sentence date as February 3, 2023. *Id.* The Board noted that Deck's automatic reparole from the TPV recommitment and the recalculated maximum sentence date were both subject to the disposition of the new charges pending in Berks County. On October 26, 2021, police brought additional new charges against Deck for identify theft, conspiracy, and related charges, with an alleged offense date of June 27, 2021. *Id.* at 113. Deck remained in custody in Bucks County and did not post bail. *Id.* at 112-13.

On January 4, 2022, Deck pled guilty to and was sentenced for charges at both pending criminal dockets. On the first set of new charges (relating to strangulation) for which the Board had detained him, Deck was sentenced to a maximum of 10 years' incarceration. C.R at 91, 107. On the second set of new charges (relating to identity theft) he was sentenced to five years' probation. *Id.* at 95, 118.

The Board held a parole revocation hearing on March 30, 2022, at which Deck was represented by counsel. C.R. at 54-55. The Board prepared a hearing report revoking Deck's parole, which Board members signed on April 5, 2022. *Id.* at 90. By action recorded that same day, the Board formally recommitted Deck as a convicted parole violator (CPV) to serve 24 months' backtime. *Id.* at 124. The Board recalculated Deck's maximum sentence date as June 5, 2027, and denied credit for time at liberty on parole because Deck's convictions were for conduct

3

involving domestic violence. *Id.* at 125-26.

Deck filed a request for administrative relief with the Board on or about May 11, 2022. He argued that the Board improperly recalculated his maximum sentence date and improperly revoked or failed to account for credit for time at liberty on parole it had awarded in prior decisions. C.R. at 128, 138-41. In a decision mailed February 3, 2023, the Board noted that it would modify its April 5, 2022 determination by striking references to convictions other than for strangulation, which was the conviction on which Deck's recommitment and 24-month backtime had been based. *Id.* at 189-90. In all other respects, including as to the maximum sentence date, the Board affirmed its April 5, 2022 determination. The Board reasoned, in relevant part:

> The Board paroled Deck, following a recommitment for technical parole violations, from a[n SCI] on December 2, 2016[,] with a maximum date on his original sentence of October 12, 2022. This means that Deck was left with 2140 days remaining on his original sentence the day he was released . . . . The Board denied Deck credit for the time spent at liberty on parole, which means he owed 2140 days on his original sentence based on the recommitment.

> The record reveals that Deck is entitled to confinement credit for 162 days that he was temporarily held for [sic] solely on a Board detainer from September 5, 2019[,] to February 14, 2020 . . . . Thus, Deck was left with 2140−162=1978 days to serve on his original sentence based on his recommitment as a CPV.

> . . . .

> . . . [B]ecause Deck failed to post bail on the Bucks County charges, he therefore is not entitled to any pre-sentence credit toward his original sentence from January 10, 2021[,] as the Board did not hold him solely on its warrant

4

from that date. *Gaito v. Pa.* [*Bd. of Prob. &*] *Parole,* 412 A.2d 568 (Pa. 1980). Thus, [D]eck still owed 1978 days on his original sentence based on the recommitment. Because Deck was sentenced to state incarceration, the Prisons and Parole Code[, 61 Pa.C.S. §§ 101-7301 (Parole Code),] provides that he must serve the original sentence first. 61 Pa.C.S. § 6138(a)(5). Considering the Board had already declared Deck a parole violator in its February 26, 2021 decision, he therefore became available to commence service of his original sentence on January 4, 2022[,] when he was sentenced to a new state term in Bucks County. Adding 1978 days to January 4, 2022[,] yields a recalculated maximum date of June 5, 2027.

C.R. at 188-89. Deck timely petitioned this Court for review.

We first address Counsel's application to withdraw. A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (en banc) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Deck admits he committed the crimes for which he received a new criminal conviction, and the record suggests no reason to justify or mitigate the parole violation. Thus, Deck has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[2]

When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw may file a no-merit letter instead of an *Anders* brief. *Turner*, 544 A.2d at 928-29. To satisfy the procedural requirements of no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter;

---

[2] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

5

and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[3] *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court requires an attorney's no-merit letter to include the following information: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in concluding that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Counsel's no-merit letter contains an adequate summary of Deck's parole and conviction history, identifies the issues Deck wishes to raise on appeal, and provides an analysis of each issue. Counsel's no-merit letter thus meets the requirements of *Zerby* and we may proceed to determine whether Counsel is correct that the issues Deck raises have no merit.

In a brief filed on his own behalf, Deck raises the same four issues Counsel identified and addressed in the no-merit letter. First, Deck argues the Board erred in retroactively modifying its action recorded February 26, 2021 (which had, in part, recommitted Deck as a TPV for six months' backtime and recalculated his maximum date on that basis). Deck claims that the Board's decision currently under review essentially deprived him of credit that was awarded or earned during his recommitment as a TPV and reflected in the February 26, 2021 decision. He relies on several decisions that held the Board was not authorized by statute to revoke previously granted parole liberty credit. *See Young v. Pa. Bd. of Prob. & Parole*, 225 A.3d 810, 814 (Pa. 2020); *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 116 (Pa. Cmwlth. 2020); *Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 420

---

[3] Counsel served Deck with the application to withdraw and no-merit letter. Counsel advised Deck of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

6

(Pa. Cmwlth. 2019) (en banc), *appeal denied*, 228 A.3d 254 (Pa. 2020). However, as we have observed, the General Assembly amended the Parole Code in 2021—after the foregoing decisions—"to . . . expressly provide[] for forfeiture of any street time credit awarded to a TPV upon recommitment as a CPV." *Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 264-65 (Pa. Cmwlth. 2024). Thus, the Board did not err in declining to award credit for the period of time Deck was recommitted as a TPV.

Second, Deck argues the Board erred in calculating his maximum sentence date because it treated his parole release date as December 2, 2016. He claims the Board should have treated its February 14, 2020 continuation of his parole as a new release date. We disagree. When Deck was paroled on December 2, 2016, his original sentence had 2,140 days remaining (the time from his parole to his maximum date, which was then October 12, 2022). The Board detained—but did not recommit—Deck from his arrest in September 2019 through February 14, 2020, when it cancelled its detainer. That was not a reparole, but a continuation on parole from the original December 2016 parole date. Upon his later recommitment as a CPV, the Board credited Deck with the 162 days he was held solely on a Board detainer from September 2019 to February 14, 2020, but it did not award any credit for time at liberty on parole due to the nature of his conviction. That reduced the time left on his original sentence to 1,978 days (2,140−162=1,978). Deck became available to recommence serving that sentence on January 4, 2022, when he was sentenced on the new convictions in Bucks County. 61 Pa.C.S. § 6138(a)(5) (requiring service of original sentence first). Time spent in custody awaiting the new sentence must be credited to the new sentence, instead of the original sentence, because that pre-sentence detention was due to Deck's failure to post bail and was not based solely on the Board's detainer. *See Gaito*, 412 A.2d at 571. Adding 1,978

days to January 4, 2022, yields a maximum date of June 5, 2027. Thus, the Board did not err in recalculating Deck's maximum sentence date.

Third, Deck argues that the Board erroneously failed to award credit for the three days from September 2, 2019 (when he alleges the Pennsylvania State Police arrested him as a "fugitive" in connection with the charges to be brought by the Philadelphia Police Department) to September 5, 2019 (when the Board lodged its detainer based on those charges). The Board acknowledges that the basis for his arrest three days earlier is not clear, but regardless, it cannot have been based on a detainer by the Board since none had been filed. Thus, those three days cannot be credited to the original sentence. *See Gaito*, 412 A.2d at 571.

Finally, Deck claims that the Board erred in denying credit for time he spent from December 2016 through April 2017 at Kintock Erie, a halfway house designated as his residence at the time of release. *See* C.R. at 19. He argues the conditions there were equivalent to incarceration. We agree with Counsel that Deck waived this issue by failing to raise it at the revocation hearing, *Harden v. Pa. Bd. of Prob. & Parole*, 980 A.2d 691, 701 (Pa. Cmwlth. 2009) (en banc), and with the Board that Deck waived it again by failing to develop it in his brief on appeal, *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). Even if the issue were preserved, we would conclude it lacks merit. Where a parolee's conditions of parole require his placement at a residential facility, the parolee may offer proof at the revocation hearing to show that the facility's conditions are equivalent to incarceration, though that is a heavy burden. *Harden*, 980 A.2d at 697. Unlike in *Hardin* and similar cases, the conditions of Deck's parole did *not* require him to live in a residential treatment facility. C.R. at 19-21. Regardless, Deck did not attempt to persuade the Board that that conditions at the facility should result in credit toward

his sentence.  We cannot find that the Board erred in not awarding that credit.

For these reasons, we agree with Counsel that Deck's second amended petition for review lacks merit.  We therefore grant Counsel's application to withdraw and affirm the order of the Board denying Deck's administrative appeal.

_____
MATTHEW S. WOLF, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Matthew Deck,                          :
                          Petitioner        :
                                            :
            v.                              :    No. 215 C.D. 2023
                                            :
Pennsylvania Parole Board,                  :
                          Respondent        :

# **O R D E R**

AND NOW, this 13th day of May 2025, the application to withdraw as counsel filed by Karen S. Hendershot, Esquire, is GRANTED, and the final determination of the Pennsylvania Parole Board mailed February 3, 2023, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge