# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bernard Brown, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 954 C.D. 2023 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | Submitted: August 8, 2025 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE MATTHEW S. WOLF, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                                          FILED:  June 18, 2026

Bernard Brown (Brown) petitions this Court to review a decision of the Pennsylvania Parole Board (Board) mailed August 16, 2023, affirming its prior decision recorded March 13, 2023, thereby denying Brown's request for administrative relief from that decision.  Brown's counsel, Kent D. Watkins, Esquire (Counsel), has filed a second Application to Withdraw as counsel and an Amended No-Merit Letter[1] stating that Brown's petition for review is meritless.  For the reasons that follow, we deny Counsel's Application to Withdraw.

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that before a criminal defendant's counsel may withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  386 U.S. at 744.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).  In seeking to withdraw, counsel must submit a petition to withdraw and
**(Footnote continued on next page…)**

# I. BACKGROUND

Brown is currently incarcerated at the State Correctional Institution (SCI) at Mahanoy serving a parole recommitment. Petition for Review, ¶ 2. Brown was originally sentenced on April 28, 2014 in Philadelphia County for a period of 5 to 10 years' incarceration on a charge of aggravated assault. Certified Record (C.R.) at 1. His original minimum and maximum dates were September 10, 2017, and September 10, 2022, respectively. *Id.* at 2. On May 26, 2017, the Board ordered that Brown be released on his minimum date. *Id.* at 4. A warrant to commit and detain Brown was issued on August 13, 2019, following a new arrest for federal charges. *Id.* at 13. While awaiting disposition of his federal charges, Brown was held in federal custody without bail. *Id.* at 74-77. On March 19, 2020, Brown pleaded guilty to the federal charges, 2 counts for the distribution of cocaine base (also known as "crack" cocaine), and was sentenced to a period of 60 months' federal incarceration followed by 60 months' supervision. *Id.* at 14-17.

On September 15, 2021, the Board served Brown with a notice of its intent to hold a parole revocation hearing on the basis of his new conviction. C.R. at 14. On the same day, Brown signed a form waiving his right to a parole revocation hearing and admitting that he violated his parole as a result of his new conviction. *Id.* at 19. The Board issued a decision on November 9, 2021, recommitting Brown as a convicted parole violator, when available following his federal detention, for a period of 18 months and denying Brown credit for time spent at liberty on parole.

a brief "referring to anything in the record that might arguably support the appeal." *Com. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Pennsylvania Supreme Court, however, has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court why counsel believes the issues have no merit. *Com. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

*Id.* at 63-70, 78-79. The Board subsequently lodged a new warrant to detain Brown on November 22, 2021. *Id.* at 80. Brown completed his federal sentence and was returned to state incarceration on February 17, 2023. *Id.* at 81. On March 13, 2023, the Board issued a decision and order finalizing Brown's recommitment and referring back to its November 9, 2021 decision and order. *Id.* at 83.

On April 11, 2023, Brown filed a *pro se* administrative appeal challenging the Board's March 13, 2023 decision and order. Brown's administrative appeal essentially raises four issues. He contends that the Board failed to provide him a timely revocation hearing, that the Board violated his Fourteenth Amendment[2] rights, that the Board violated 61 Pa.C.S. § 6138(a)(5.1) when it failed to cause him to serve his recommitment sentence prior to his federal sentence for new charges, and finally that the Board failed to properly calculate his recommitment term. C.R. at 85. On April 28, 2023, Counsel mailed, and on May 3, 2023, the Board received, Counsel's entry of appearance in Brown's administrative appeal. *Id.* at 92. On August 16, 2023, the Board issued a decision responsive to Brown's administrative appeal affirming its March 13, 2023 order. *Id.* at 95.

Brown subsequently petitioned this Court for review through Counsel. In his Petition for Review, Brown contends that the Board failed to properly calculate his recommitment sentence and that the Board violated 61 Pa.C.S. § 6138(a)(5.1) by failing to require him to serve his recommitment sentence prior to his federal sentence on new charges. *See* Petition for Review, ¶¶ 5-6.

## II. APPLICATION TO WITHDRAW

On November 1, 2023 Counsel filed an Application to Withdraw and accompanying No-Merit Letter. That Application was denied without prejudice by

---

[2] U.S. CONST. amend. XIV.

this Court on October 10, 2024, concluding that Counsel's No-Merit letter failed to address and adequately analyze multiple issues Brown sought to raise. Specifically, this Court noted that Counsel did not address "either of the issues raised by Brown in his Petition for Review, namely, that the Board did not award Brown credit for all of the time he served on its warrant and improperly required Brown to serve his federal sentence before the balance of his state sentence," and further failed to address "Brown's argument that the Board unlawfully denied him the ability to have a parole revocation hearing." *Brown v. Pa. Parole Bd.* (Pa. Cmwlth., No. 954 C.D. 2023, filed Oct. 10, 2024), slip op. at 5. Additionally, this Court found that Counsel's No-Merit Letter failed to adequately analyze Brown's claim that the Board violated his Fourteenth Amendment rights. *Id.* at 6. This Court permitted Counsel to file a second Application to Withdraw and Amended No-Merit Letter, which Counsel filed on November 12, 2024, and are now before us.

When no constitutional right to counsel[3] is involved in a parole case, an attorney seeking to withdraw may file a no-merit[4] letter instead of an *Anders* brief. *Com. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988). To satisfy the procedural requirements of no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of

---

[3] A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Brown admitted that he committed the crimes for which he received a new criminal conviction when pleading to such offenses, and the record suggests no reason to justify or mitigate the parole violation. Thus, Brown has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act. Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6.

[4] Commonly referred to as a *Turner* or *Turner/Finley* letter. *Com. v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious. *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court requires an attorney's no-merit letter to include the following information: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in concluding that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). If the no-merit letter satisfies these basic requirements, this Court may then review the soundness of a petitioner's request for relief. *Id.* at 960. However, if the letter fails to comply with the technical requirements, this Court must deny the request for leave to withdraw without analyzing the substance of the underlying petition for review and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

In spite of this Court's prior opinion and order denying Counsel's first Application to Withdraw, certain deficiencies previously noted remain unaddressed in the Amended No-Merit Letter. Specifically, Counsel's Amended No-Merit Letter fails to address the claim raised in the Petition that the Board failed to award Brown credit for all time served exclusively to its warrant. *See* Petition ¶ 5. While Counsel addresses the calculation of Brown's sentence generally, he fails to address this specific claim or provide analysis as to what time, if any, was served exclusively pursuant to a warrant by the Board and the extent to which such time was reflected in the Board's calculations. Counsel's letter further makes only passing references to Brown's waiver of a parole revocation hearing but fails to provide citations or analysis as to Brown's argument that he was deprived of a timely revocation hearing.

5

Accordingly, we again conclude that Counsel has failed to satisfy the technical requirements.

### III. CONCLUSION

Because Counsel's Amended No-Merit Letter has failed to fully satisfy the technical requirements of *Turner*, we again deny Counsel's Application to Withdraw without prejudice. Counsel is directed to remedy the deficiencies identified herein by filing a second amended Application to Withdraw and accompanying No-Merit Letter, or an advocate's brief in support of Brown's Petition for Review, within 30 days.[5]

_____
MATTHEW S. WOLF, Judge

---

[5] Due to our disposition, we do not address the merits of Brown's Petition.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard Brown,                    :
                            Petitioner      :
                                            :
                  v.      :   No. 954 C.D. 2023
                                            :
Pennsylvania Parole Board,        :
                        Respondent      :

# O R D E R

AND NOW, this 18th day of June 2026, the Application to Withdraw as Counsel (Application to Withdraw) filed by Kent D. Watkins, Esquire (Counsel), is hereby DENIED WITHOUT PREJUDICE. Counsel shall file an amended Application to Withdraw and a No-Merit Letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or an advocate's brief in support of Petitioner Bernard Brown's Petition for Review, within 30 days.

Jurisdiction retained.

_____
MATTHEW S. WOLF, Judge